FREDERICK W. BENSON. *vs.* WILLIAM MARKOE.

June 25, 1889.

Quitclaim Deed from Mortgagee to Mortgagor—Subsequent Foreclosure.—After the execution, delivery, and record of a quitclaim deed, the legal effect of which is to release and discharge a mortgage of record, the mortgagee cannot foreclose the mortgage by advertisement.   Such foreclosure proceedings are void and of no effect.

Appeal by plaintiff from a judgment of the district court for Ramsey county, where the action was tried by *Brill,* J.   The pleadings and findings show these facts:   In 1883, William F. Markoe, defendant's grantor, purchased of plaintiff certain premises, received a deed, and gave back a purchase-money mortgage, with power of sale.   Both deed and mortgage were duly recorded.   On April 15, 1885, at William F.'s request, and to correct an alleged insufficiency in description of the deed, plaintiff executed and delivered to him a quitclaim deed, which included in its description the before-granted and mortgaged premises, and which was recorded April 17, 1885.   Both parties intended that this deed should not operate to release the mortgage.   On January 7, 1886, William F. conveyed to defendant, who purchased with notice of the purpose of the parties in making and receiving the quitclaim deed.   Plaintiff took proceedings regular in form to foreclose the mortgage by advertisement, and at the sale, on February 17, 1886, became the purchaser.   In March, 1886, plaintiff brought this action, praying that the effect of the quitclaim deed be so limited that it should not operate to release the mortgage, and that the title to the premises be adjudged to be in defendant subject to the lien of the mortgage, and for general relief.   No redemption has

been made from the foreclosure sale, and the mortgage debt is still unpaid.

As conclusions of law the court determined (1) that the legal effect of the quitclaim deed was to discharge the mortgage; (2) that the foreclosure proceedings were therefore void; (3) that in equity the effect of the quitclaim deed should be limited to a conveyance of the land described therein outside of the land described in the original deed and mortgage; (4) that plaintiff is entitled to judgment so limiting the effect of the quitclaim deed, and reinstating the mortgage; (5) that plaintiff is also entitled to judgment adjudging the amount of the mortgage debt to be due, and directing a sale of the mortgaged premises in the usual form. Judgment was entered in accordance with the first four of these conclusions, and the plaintiff appealed from so much of it as adjudges the foreclosure proceedings void.

*H. J. Horn* and *Biggs, Hamilton & Rodgers*, for appellant.

*S. J. R. McMillan* and *R. J. Markoe*, for respondent.

COLLINS, J. From an order overruling a general demurrer to the complaint in the above-entitled action the defendant appealed to this court, whereupon the order was affirmed. 37 Minn. 30, (33 N. W. Rep. 38.) Upon issues of fact thereafter made in the district court the case was tried by the court, without a jury, resulting in findings to the effect that all of the allegations of the complaint were true. In addition to the allegations in said complaint stated in the former opinion, it was averred, and by the court found true, that, after the delivery and record of the quitclaim deed, the legal effect of which was to discharge and release the mortgage, the above-named plaintiff, mortgagee, proceeded to foreclose the same by advertisement in accordance with a power therein contained; that the proceedings were sufficient in form to effect a foreclosure; that at the sale, which was on February 17, 1886, the mortgaged premises were bid in by the plaintiff; that no redemption has been made from the sale; and that neither mortgagor nor mortgagee intended to release said mortgage by means of the quitclaim deed, which bore date April 15, 1885. The court determined, as conclusions of law, that, as the legal effect of the deed was to release the mortgage, the foreclosure proceedings were void; that in equity the effect of the deed should be limited to

the conveyance of that portion of the land therein described which was not included in the descriptive part of the mortgage; that judgment should be entered so limiting the deed; for reinstating the lien of the mortgage; for the amount due thereon; and also directing a sale of the mortgaged premises in the usual manner. From a judgment entered upon these conclusions plaintiff appeals, asserting as erroneous that part of the judgment which declares the foreclosure by advertisement void and of no effect. In this particular the judgment is correct, and must be affirmed. To entitle one to foreclose a mortgage by advertisement, he must have a legal mortgage in which is a power of sale. It must have been duly recorded. Gen. St. 1878, c. 81, § 2. The statute authorizing this method of foreclosure evidently designs that there shall be of record a legal mortgage, and that the record shall be so complete as to satisfactorily show the right of the mortgagee or his assigns to invoke its aid. There can be no foreclosure under this statute of an equitable mortgage, and that was all plaintiff had after the record of the deed, which operated to release and discharge the previously existing incumbrance. At least, not until the entry of the judgment appealed from. The case of *Ferguson* v. *Glassford*, (Mich.) 35 N. W. Rep. 820, cited by appellant to support his position, is in line with the views herein expressed.

Judgment affirmed.