S. B. CARPENTER and another *vs.* ARTISANS' SAVINGS BANK, impleaded, etc.

November 22, 1890.

**Chattel Mortgage—Foreclosure by Equitable Owner.**—A chattel mortgage to A., as mortgagee, had not been formally assigned by him to the creditor holding the debt it was given to secure, and the latter foreclosed, affixing the name of A. to the notices of sale. *Held* that the foreclosure was valid.

Plaintiffs brought this action in the district court for Cottonwood county, alleging, among other things, that a sale under a chattel mortgage was void, and praying that the actual value of the property sold ($750) be credited on the mortgage debt. The action was tried by *Perkins*, J., whose findings on the matters involved in this appeal are in substance as follows: On March 6, 1886, the plaintiff Car-

penter employed the firm of Thompson & Day to procure for him a loan of $950 on real and personal security, and executed and left with them a note for that amount and a chattel mortgage and also a real estate mortgage, in which one Knoblauch, from whom it was expected the loan would be procured, was named as payee and mortgagee. Knoblauch declined to accept the instruments or to make the loan, and afterwards Thompson & Day procured the loan to be made by the defendant bank, upon delivery to it of the note and real-estate mortgage, with an assignment thereof in due form to the bank, executed by Knoblauch, the chattel mortgage remaining in the hands of Thompson & Day as additional security. The loan having become due and being partly unpaid, the bank, through Thompson & Day as its agents, began proceedings to foreclose the chattel mortgage, and served on Carpenter a written notice of sale in proper form, purporting to be made and signed by Knoblauch as mortgagee and Geo. J. Day, attorney for the mortgagee. The sale was made pursuant to the notice, (Carpenter attending and forbidding it,) and the property delivered to the various purchasers. The court held that the foreclosure proceedings and sale were void because not conducted by any person having a right to foreclose or sell, and ordered judgment for plaintiffs, which was entered, and the defendant bank appealed.

*J. A. Town,* for appellant.

*J. G. Redding,* for respondents.

GILFILLAN, C. J. The only question in the case is on the validity of the foreclosure of the chattel mortgage. It is conceded by respondent that the defendant bank was the equitable owner of that mortgage; that it stood as security for the debt due it from Carpenter. Upon no other theory could the value of the mortgaged property be applied to satisfaction of the debt, for ordinarily a cause of action in Carpenter against the bank for converting property, not part of the securities held by it nor connected with the debt due, could not be set off against the debt. It appears also that Knoblauch, who was named in the mortgage as mortgagee, did not execute an express assignment of it to the bank. The case is one, therefore, where the equitable title to a security is in one person, and the apparent or legal title is in another, who has no actual interest in it. The court below

held the foreclosure void, because the bank in foreclosing did it in the name of Knoblauch, that is, it affixed his name to the notices of sale. We presume the attention of the court was not called to the case of *Bottineau* v. *Ætna Life Ins. Co.*, 31 Minn. 125, (16 N. W. Rep. 849,) which was the case of a mortgage upon real estate foreclosed under the power by one to whom it had been formally assigned, others being equitable owners of the mortgage. It was decided that the former held the legal title to the mortgage and power of sale in trust for the latter to the extent of their interest; that they could require him to exercise the power and enforce the security, and, if they permitted him to exercise the power, they would, as between them and the mortgagor, be bound by his action. The converse must be true, that if the holder of the legal title allows the equitable owner to foreclose, using his name, both are bound, and the foreclosure is valid. It is a matter between them alone, and does not concern the mortgagor. As said in the case cited: "The mortgagor, whose interests were not affected by the fact that others had equitable rights in the mortgage with the one in whom the legal title was vested, could not on that fact alone object to his using such legal title." So in this case, if the one in whom the legal title to the mortgage stood was content that the equitable owner—the one entitled to have the mortgage foreclosed and to the benefit of the foreclosure—should foreclose, using his name for the purpose, it did not affect the interests of the mortgagor, and he could not object. The foreclosure was valid.

Judgment reversed, and the court below will enter judgment for the defendants.