## A. J. ELMIER *vs.* ANDREW E. BRANT and E. BRANT.

Argued Dec. 15, 1891.   Decided Jan. 21, 1892.

Evidence Examined.—Upon an examination of the evidence in the case, it is *held*, that the verdict cannot be sustained.

Appeal by plaintiff, A. J. Elmier, from an order of the district court of Isanti county, *Hooker,* J., made November 25, 1890, refusing a new trial.

E. Brant and Andrew E. Brant, his son, were partners under the firm name of E. Brant & Son, in getting out pine saw logs and other timber and doing blacksmith work.  On November 20, 1888, plaintiff made a contract with them to cut and take to market all the pine timber and railroad ties upon 440 acres of his land in Pine county, Minn.  He was to furnish them with supplies and money to pay workmen, and when the logs and ties should be sold he was to be repaid the money advanced, and for supplies furnished, and retain $2.25 per thousand feet as stumpage, and pay over the balance to the defendants.  They owed plaintiff $750, upon a note which was also to be paid out of the money going to them.  Plaintiff was authorized to sell the logs when they reached the boom and were scaled. The surveyor general's scale bill was to be final and conclusive between the parties.

After the logs were cut they were measured in the woods while on the bank of the stream, and estimated to contain 410,690 feet, board measure, and some conversation was had and payments made on the basis that this was correct.  But when the logs afterwards came through the boom, and were scaled by the surveyor general, they

measured but 239,750 feet, and were sold for $6.65 per M. After paying all charges, and applying the residue upon the plaintiff's claims under the contract, there remained due him, according to his account, $373.18, for which he brought this action. The defendants by their answer claimed that plaintiff had been paid in full from the proceeds of the logs sold, and made counterclaim for labor in exploring land and for blacksmith work, $42.32. On the trial had September 24, 1889, defendants obtained a verdict for $21 of this counterclaim. Plaintiff moved to set aside the verdict and for a new trial. This being denied, he appealed.

*C. P. Gregory*, for appellant.

*H. F. Barker*, for respondents.

COLLINS, J. There seems to be no dispute in this action over the price per thousand feet for which plaintiff, as agent for defendants, sold their logs, but the real controversy on the trial was as to the number of feet for which the plaintiff collected pay. The defendants relied, on this point, upon a written statement made to them by plaintiff in the month of June, 1889, and on several verbal statements or admissions made by him about the same time, to the effect that he had sold and had been paid for 410,000 feet, the number of feet shown by a scale made when the logs were on the ice of the driving stream. The plaintiff did not deny that he had made the verbal statements or admissions, and expressly admitted that he had furnished the written statement referred to. But he claimed that all of these statements and admissions were made under a misapprehension of the facts; that they were wholly based upon an erroneous estimate of the number of feet of logs which would come into the boom and be delivered to the purchasers,—an estimate founded upon the scale before mentioned, and which plaintiff asserted was incorrect. The plaintiff testified, and it was undisputed so far as appears from the record, that when the logs came into the boom, some time after these statements and admissions, there were but 239,-750 feet, and that the purchasers paid him for this quantity, and no more. It would seem to have been an easy matter for the defendants to have shown that the plaintiff was untruthful, and did receive payment for a greater quantity, if such was the fact. And upon the

plainest principles of justice it would seem that the plaintiff, acting
as defendants' agent, without compensation, in the sale, ought not
to be held for money paid on account thereof, unless he has received
it.    If the scale upon the ice was incorrect, the defendants cannot
be permitted to recover of the plaintiff on account of the error; and
if, upon the other hand, it was correct, we see nothing to prevent the
defendants from securing the balance of their logs or compensation
therefor when received by those who purchased from their agent.
There is nothing to the respondents' contention that, if appellant had
any claim against them which could be enforced, it was not upon the
original account, but upon an independent claim for money paid in
February, 1890, to the purchasers of the logs.

Order reversed.

(Opinion published 51 N. W. Rep. 284.)