HATTIE W. BACKUS and LOUISA B. SMITH *vs.* FRANK BURKE, JR., RUFUS P. EDSON, and WALLACE WARNER.

Argued Nov. 23, 1891. Decided Feb. 1, 1892.

**Mortgage Foreclosure under a Power of Sale.** — A person cannot legally foreclose a mortgage upon real property by advertisement when the record title to the instrument is in another.

Appeal by defendants, Frank Burke, Jr., Rufus P. Edson, and Wallace Warner, from the judgment of the district court of St. Louis county, *Stearns,* J., entered May 28, 1891, adjudging that the plaintiffs, Hattie M. Backus and Louisa B. Smith, are owners of the land in dispute.

Sextus Hoffman owned 90 acres of land in the northeast quarter of section 17, township 50, range 14, in St. Louis county, Minn. On June 20, 1872, he mortgaged it to Urs Tischer to secure the payment of $2,000 and interest. The mortgage was on the same day recorded in the registry of deeds for St. Louis county. It contained a power of sale authorizing the mortgagee or his assigns, in case of

default in payment of said debt, to sell the land at public auction, agreeably to the statute, and out of the proceeds to pay the debt, interest, and costs. On September 6, 1873, Tischer assigned this debt and mortgage to the Duluth Savings Bank. The instrument of assignment was absolute and unconditional in form, and was on September 16, 1873, duly recorded in said registry. It was in fact made to the bank to secure the payment by Tischer to it of $700 borrowed that day by him of the bank. He paid this debt, August 4, 1874, and took from the bank a reassignment of the mortgage, but it was not recorded in said registry of deeds until December 7, 1874. Tischer gave notice on October 6, 1874, of foreclosure under the power, but the notice did not mention or refer to the assignment or reassignment. The foreclosure sale was made November 23, 1874, 14 days before the recording of the reassignment. Henry J. Bierman bid and became the purchaser of the land, and received the sheriff's certificate of sale. It was not redeemed, and he afterwards conveyed it to the plaintiffs.

Sextus Hoffman died intestate, and his heirs conveyed the land to defendants. This action was commenced October 29, 1890. Plaintiffs alleged their ownership, and that the land was vacant and unoccupied, and that defendants claimed an estate and interest therein, and prayed that such adverse claim be determined. Defendants answered, stating their claim of title, and alleging that said reassignment of the savings bank to Hoffman had not been recorded when the foreclosure sale was made, and that the sale was for that reason invalid. The issues were brought to trial, February 10, 1891, before the court without a jury. Findings were made that the plaintiffs were the owners of the land, and ordering judgment to be entered that their title be quieted, and that defendants had no title, estate, or interest therein. Such judgment was entered May 28, 1891, sustaining the title under the foreclosure.

*Cash & Williams*, for appellants.

The power of sale is to be exercised, in the language of the power itself, "agreeably to the statute in such case made and provided." A sale purporting to have been so made is in derogation of the com-

mon law, and the provisions of the statute must be strictly followed. 1878 G. S. ch. 81, § 2; *Sherwood* v. *Reade*, 7 Hill, 431; *Thatcher* v. *Powell*, 6 Wheat. 119; *Lowell* v. *North*, 4 Minn. 32, (Gil. 15.)

Statutes authorizing a sale under a power in the mortgage are of recent origin, and sales under such powers are in general use in but comparatively few of the states. It took the courts a long time to give acquiescence to sales under such powers at all. Lord Eldon in *Roberts* v. *Bozon*, Chan. MSS., cited in Coventry's Mort. Prec. p. 150, speaking of a deed containing a power of sale with a defeasance, said: "Upon the whole, I must say that this deed seems to me of a very extraordinary kind, and that there are clauses in it upon which it would be difficult to induce a court of equity to act." When Mr. Powell wrote his Treatise on Mortgages, he considered the validity of powers of sale as of too doubtful a complexion to be relied upon as the source of an irredeemable title. But it is an undeniable fact that sales under a power are coming more and more into favor when the exercise of the power is surrounded with sufficient safeguards. It is more expeditious to the mortgagee and less expensive to the mortgagor.

When a mortgagee or assignee attempts to foreclose by this method there must be of record evidence showing his ownership and right to foreclose. Upon this evidence all parties in interest are entitled to rely. *Morrison* v. *Mendenhall*, 18 Minn. 232, (Gil. 212;) *Morris* v. *McKnight*, 1 N. D. 266; *Bidwell* v. *Whitney*, 4 Minn. 76, (Gil. 45, 53;) *Palmer* v. *Bates*, 22 Minn. 532; *Merchant* v. *Woods*, 27 Minn. 396.

All the requirements of the statute, preceding and including the giving of the notice of sale, are indispensable prerequisites to a valid sale, and must be strictly complied with. *Ross* v. *Worthington*, 11 Minn. 438, (Gil. 323;) *Thorp* v. *Merrill*, 21 Minn. 336; *Johnson* v. *Sandhoff*, 30 Minn. 197; *Martin* v. *Baldwin*, 30 Minn. 537; *Van Meter* v. *Knight*, 32 Minn. 205; *Benson* v. *Markoe*, 41 Minn. 112; *Lowry* v. *Mayo*, Id. 388. As examples of defects in proceedings subsequent to the notice, we refer to *Abbott* v. *Peck*, 35 Minn. 499; *Willard* v. *Finnegan*, 42 Minn. 476; *Ryder* v. *Hulett*, 44 Minn. 353.

The statutes of Michigan, Wisconsin, and the territory of Dakota contain provisions exactly like ours as to prerequisites of foreclosure by advertisement, and whenever the question has come up the same construction has been given by their courts as by this court. *Lee* v. *Clary,* 38 Mich. 223; *Miller* v. *Clark,* 56 Mich. 337; *Hayes* v. *Frey,* 54 Wis. 503; *Hickey* v. *Richards,* 3 Dak. 345; *Morris* v. *McKnight,* 1 N. D. 266.

In New York the requirements as to record and contents of the notice are the same as in this state, Michigan, Wisconsin, and Dakota, with the exception that there is no express requirement for the recording of assignments. Ann. Code Civil Proc. §§ 2387, 2391; *Sherwood* v. *Reade,* 7 Hill, 431; *Cohoes Co.* v. *Goss,* 13 Barb. 137; *Thompson* v. *Commissioners,* 79 N. Y. 54.

Counsel for plaintiffs rely upon the case of *White* v. *McClellan,* 62 Md. 347, but it has no application in this state. The statute of that state has no requirement whatever as to recording either the mortgage or its assignments as prerequisites of foreclosure under the power of sale.

The assignment to the savings bank was a transfer of the legal title to the debt and mortgage. It was not a pledge, and the law of pledges does not apply.

*W. W. Billson,* for respondents.

We maintain that the foreclosure sale was valid, because the instrument executed by the bank to the mortgagee after the payment of his loan (being the only instrument that was unrecorded) was not an assignment of the mortgage in any proper sense, or within the meaning of the statute, since at the time of the execution of that instrument Tischer, the mortgagee, was already the owner of the mortgage at law and in equity in his original right as mortgagee. It added nothing to his title. It was not an assignment of the mortgage, because at the time of its execution the bank had nothing to assign.

Whenever it becomes necessary to determine the legal ownership of a mortgage, the real subject of inquiry is the legal ownership of the note or indebtedness which the mortgage was given to secure. The legal ownership of a note and mortgage turns in any given case upon the question whether a particular transaction was, at law, an

absolute transfer of such note and mortgage, or was merely a pledge of them. This question must be determined by considerations applicable to the note, since the title to the mortgage, both in law and equity, follows the title to the note. Parol evidence is admissible to show that a transfer of possession or an ostensible transfer of title was in fact made for purposes of security merely, by way of pledge or mortgage. In this case the court is furnished with written evidence emanating from the bank as the pledgee, made contemporaneously with the assignment to the bank, that the assignment was taken as collateral security only. The minutes of the board of directors of the bank, which were offered in evidence, and the written assignment of the note and mortgage by Tischer to the bank, are contemporaneous written instruments, relating to the same transaction, and to be construed together as though a single writing. *Jackson* v. *Lodge*, 36 Cal. 28; *Lane* v. *Shears*, 1 Wend. 433, 437; *Murray* v. *Walker*, 31 N. Y. 399, 402.

By Tischer's payment of his debt to the bank, the special property of the pledgee in the pledged note, and hence in the mortgage incident thereto, was extinguished, and the complete legal title was *ipso facto* revested in Tischer. He became again the legal owner of the note and mortgage, as fully and in the same right as before the contract of pledge had been made. That contract had simply been extinguished by force of the fact of payment. It was as though it had never been made. *Ball* v. *Stanley*, 5 Yerg. 199; Jones, Pledges, § 542; *Loughborough* v. *McNevin*, 74 Cal. 250; *Wakefield* v. *Day*, 41 Minn. 344.

The so-called reassignment from the savings bank to Tischer was not an assignment of the mortgage in any proper sense, or within the meaning of the act regulating foreclosures, so that its record was not essential to the validity of the foreclosure. In legal character and effect, it was a mere acknowledgment of payment executed as evidence that Tischer's pledge of the mortgage had become void. Tischer could properly have foreclosed without receiving it, and *a fortiori* without recording it. How can it be indispensable to record an instrument which it is not necessary to have? That the statute has reference to assignments which actually assign would seem to be a

proposition too clear to call for much argument. It is not in any true sense an assignment. Nor was Tischer an assignee, or required to be named as such in the notice of foreclosure. He was mortgagee, and nothing else. The instrument, by force of which a special property in the mortgage and mortgage debt had been temporarily transferred from himself to the bank, had by the fact of payment, by the surrender of the note, and by operation of law, become null and void, and he had been thereby restored to his rights as mortgagee. Is an instrument an assignment within the meaning of the statute which, while purporting to assign, really has no effect upon the title to the mortgage? So far as the title to the mortgage was concerned, the assignment from the bank to Tischer was a superfluous and inoperative instrument, and hence not covered by the statute.

*White, Reynolds & Schmidt,* also for respondents.

The assumption on the part of the appellants in this case is that the statutes permit foreclosures by advertisement only in cases where a clear record title appears in the party making the foreclosure; in other words, the record must show complete legal title to such mortgage in such assignee, otherwise the foreclosure will be a nullity. The meaning of our statute must be in providing "if the mortgage has been duly recorded, and if it shall have been assigned, all the assignments thereof shall have been recorded;" that, if the mortgagee forecloses, the mortgage must have been recorded; if an assignee forecloses, the assignments must have been recorded. It is frequently the case that the owner of a mortgage has assigned the mortgage as collateral security to a note of his own in a bank, the assignment nas been held by the bank, not recorded, and, when the note for which the mortgage has been assigned for collateral is paid, the mortgage has been returned and the assignment destroyed. The meaning of the statute cannot possibly be held to be that a foreclosure by a mortgagee in such a case would be invalid, and that all it would be necessary to do to defeat such a foreclosure would be to show at some time in the future that such an assignment had been made and not recorded, and such foreclosure would fall to the ground as invalid, if the strict letter of the statute be followed, and the position of appellants here be correct, because, in such a supposititious case, there

would be an assignment in form, for purposes of collateral security, which was not recorded, and therefore the mortgage could not be foreclosed by advertisement.

This court, in *Morrison* v. *Mendenhall*, 18 Minn. 232, (Gil. 212,) held that the record title to the foreclosed mortgage was in the mortgagees, and the legal title was in the assignee, but that the foreclosure could be made by him who had the legal title, although, by the failure to record the power of attorney under which the assignment was made, the assignee did not have the record title, on the ground that the law does not require such a power of attorney to be recorded in order to authorize a foreclosure. In *White* v. *McClellan*, 62 Md. 347, the statute is a little different from that of this state, but not so different as to prevent the case from being an authority. The statute under which that foreclosure was had provided that, in order to entitle any person to foreclose a mortgage, according to the provisions of this act, notice that the same will be foreclosed by a sale of the mortgaged premises, or some part of them, shall be given by publishing the same three times a week for three weeks; that every such notice shall specify the name of the mortgagor and of the mortgagee, and the last assignee of the mortgage, if any, the date of the mortgage, the amount claimed to be due thereon, etc.

For over 16 years this mortgage foreclosure has stood unquestioned; rights have been built up under it; the property has grown in value; has been platted and sold out to various purchasers; and now it is sought to dispossess the parties who have purchased under the mortgage, and who have been keeping the taxes down upon the same, in full faith that the proceedings were unquestioned by the mortgagor; and at this late date parties purchase the claim of the heirs for a song, and come in and attempt to claim the property. If they succeed at all, they must succeed under the strict letter of the law, and can have no equities to urge in their favor; and we insist that, under the strict letter of the law and the uniform decisions of this court, these proceedings cannot be called in question at this late date, and that our court should follow the same rule of interpretation and decision that was laid down by the supreme court of the state of Maryland in the case cited.

COLLINS, J. When Tischer, as the mortgagee, proceeded to foreclose under the power of sale contained in the Hoffman mortgage, and on November 23, 1874, the day on which the sheriff, in conformity with the published notice, sold the mortgaged premises to Bierman, through whom the plaintiffs claim title, the reassignment made by the bank to Tischer had not been recorded, although duly executed and in his possession. It was not put upon record until December 7th. So that when the foreclosure proceedings by advertisement were commenced, and completed by the execution of the sheriff's certificate of sale, the record disclosed an assignment of the mortgage, absolute in form, from the mortgagee, Tischer, to the bank; and there was nothing of record to indicate that the assignee bank had parted with its title by assignment, or in any other manner; both assignments being unnoticed and ignored. The mortgagor died prior to March 27, 1887, and defendants are grantees named in a deed of the premises executed and delivered by the heirs of the deceased on that day. From testimony produced by the plaintiffs and received by the trial court against the defendants' objections, it was made to appear conclusively that in the year 1873 Tischer had borrowed a sum of money from the bank, for which he gave his note, and that, solely as security for the payment of his debt, he transferred and assigned the Hoffman mortgage with the note thereby secured. Upon payment of the debt, some time before the foreclosure, he received from the bank the note and mortgage, with the unrecorded assignment before spoken of. The bank, therefore, had no claim upon the Hoffman note or mortgage; and as Tischer was the owner, and unquestionably the proper party to foreclose, the inquiry is as to the validity of the proceedings had, in which the assignments were wholly disregarded. The authority conferred upon a mortgagee to foreclose a mortgage by advertisement is that found in the power of sale, as that power appears in the instrument itself, which was in this instance in the common form. It was therein provided that the authority to sell was to be exercised in case of default, and the mortgaged premises were to be disposed of "agreeably to the statute in such case made and provided." An examination of the adjudicated cases in this state, as well as in other jurisdictions in which

this method of foreclosure has been permitted, will demonstrate that the courts have very properly and uniformly held that the power and authority to sell must be exercised substantially in accordance with the statute, or a sale will be invalid. This statute (1878 G. S. ch. 81, tit. 1) has become very familiar to the profession, and has frequently been commented upon by this court. By section two (2) it is enacted that, to entitle any party to give the notice of sale and to make foreclosure, several things are made essential and requisite; among them, that the mortgage in which the power of sale can be found shall have been duly recorded, and also, if it has been assigned, that all of the assignments shall have been recorded. As to when and under what circumstances a foreclosure may be had, this section seems exceedingly plain. In section six (6) the essentials and requisites of the notice of sale are imperatively stated. Each notice shall specify the names of the mortgagor and of the mortgagee, and of the assignee, if any. Other matters must be specified with certainty and particularity; all tending to indicate that, from the record and the notice, it must appear that the party proceeding to exercise authority to sell has the legal right so to do. The statute prescribing what must appear of record, and also what must be stated in the notice of sale, as published, makes no exception, and is not susceptible of the construction placed upon it by the learned court below,— a construction, in effect, that an assignment absolute in form, recorded or unrecorded, can be shown by parol not to be so, in fact, in proceedings to test the validity of mortgage foreclosures under a power, and that when the assignment is but nominal the statute in reference to the record and the notice has no application. An exception of this nature cannot be thrust into the statute· upon any well-founded reasoning, or which would not lead to the most disastrous results. The facts in the case at bar are illustrative and full of suggestion. When the sale took place at which bidders were solicited, the legal title to the mortgage, as shown by the record, was not in the person who, as mortgagee, was assuming the right to foreclose it, but was in the bank instead. This fact would necessarily deter bidders and stifle competition at the sale. More than this, and possibly of greater practical moment, it would render the right of re-

demption of little value. The validity of the foreclosure in a case like this, and consequently the validity of a redemption therefrom, would be made to depend on the determination of a judicial tribunal upon parol testimony as to the real nature of the written assignment, —whether recorded or not.

We think that the decisions heretofore made in this court very clearly indicate that, in order to properly foreclose under the statute, there must be of record a valid mortgage, and that the record must be so complete as to satisfactorily establish and show the right of the party who is proceeding under it to invoke its aid. If the record is defective, or if, as was the case at bar, it shows affirmatively that the legal right to foreclose is not in the hands of the party who is attempting to exercise the right, the proceedings are invalid. It follows from this that the notice of sale should, as was evidently the intent of the statute, disclose the true state of the record. As was said in *Morrison* v. *Mendenhall,* 18 Minn. 232, (Gil. 212,) the manifest purpose of this requirement of the statute section two (2) was to make the contents of the mortgage, and, so far as the statute goes, to make the title to the mortgage, matters of record; and for obvious reasons it was important, not only to the parties to the mortgage itself and to assignees, but to subsequent incumbrancers, creditors, and contemplating purchasers, that some permanent and accessible evidence of the existence and contents of the mortgage, and of the title to the same, should be provided. In this case the court upheld a foreclosure where an assignment of the mortgage had been made—in behalf of one of three mortgagees—by an attorney in fact, whose authority, however, did not appear of record. The assignment was recorded, and the conclusion of the court was based upon the fact that the statute required nothing more to be recorded. In other words, it expressly authorized foreclosure if the mortgage and the assignments were of record. Although the precise point now presented has not been before this court heretofore, the expressions found in its decisions upon the subject are significant, and almost conclusive. See *Ross* v. *Worthington,* 11 Minn. 438, (Gil. 323;) *Thorp* v. *Merrill,* 21 Minn. 336; *Johnson* v. *Sandhoff,* 30 Minn. 197, (14 N. W. Rep. 889;) *Martin* v. *Baldwin,* 30 Minn. 537, (16 N. W.

Rep. 449;) *Van Meter* v. *Knight*, 32 Minn. 205, (20 N. W. Rep. 142;) *Benson* v. *Markoe*, 41 Minn. 112, (42 N. W. Rep. 787;) *Lowry* v. *Mayo*, 41 Minn. 388, (43 N. W. Rep. 78.) And as to the views of courts of other states having a similar statute, see *Lee* v. *Clary*, 38 Mich. 223; *Miller* v. *Clark*, 56 Mich. 337, (23 N. W. Rep. 35;) *Morris* v. *McKnight*, 1 N. D. 266, (47 N. W. Rep. 375.) Our conclusion is that, before Tischer was entitled to foreclose the mortgage, his assignment from the bank should have been placed upon record. To state this proposition in a different form, we are of the opinion that a person cannot legally foreclose a mortgage on real property by advertisement when the record title to the instrument is in another, save in exceptional cases; such, for instance, as *Baldwin* v. *Allison*, 4 Minn. 25, (Gil. 11,) in which it was held that an administrator was not an assignee, within the meaning of the statute. The court below (citing and quoting from the Michigan case of *Miller* v. *Clark, supra*, which was in line with the *Baldwin Case*) seems to have rested its decision on the same ground,—that the title to the mortgage did not pass from the bank to Tischer by its voluntary act, as found in the assignment, but that it was transferred by operation of law upon the payment of the debt for which it had been hypothecated, and hence written evidence of the transfer, being unnecessary, need not be of record. The distinction between a transfer to an administrator or executor by operation of law and a transfer from one living person to another growing out of a contract, express or implied, is obvious. But while the statute does not include a transfer which, in the nature of things, could not be evidenced by a formal assignment, it certainly does not consider or attempt to distinguish between the many purposes or the various circumstances under which formal assignments are made. The statute requiring a record governs where in form it is an assignment, and entirely disregards the fact that in some cases and for some purposes, such as a foreclosure by action, a written assignment may be unnecessary. We have not overlooked *White* v. *McClellan*, 62 Md. 347, cited by counsel for respondents. We cannot adopt the views very briefly expressed therein.

Judgment reversed.

(Opinion published 51 N. W. Rep. 284.)