[No. 19217.   Department One.—February 6, 1894.]

HERBERT D. GODFREY, APPELLANT, *v.* JOSEPH P. MONROE ET. AL., RESPONDENTS.

ATTACHMENT—DEED OF TRUST—CONVEYANCE AS SECURITY—SALE UNDER EXECUTION—RELATION.—Where the owner of land conveyed it by deed of trust to a third person, with power to sell the property and pay the indebtedness of the grantor to an improvement company, and subsequently executed a deed thereof to the improvement company, and a contemporaneous agreement was entered into between the three parties reciting that the land was conveyed to the improvement company with the consent of the trustee to secure payment of the indebtedness, and providing that as soon as the indebtedness was paid out of receipts of the sale of the lands the company should deed the residue of the property remaining unsold to the grantor, such deed and agreement constitute a mortgage with a power of sale; and the interest of the mortgagor in the property so conveyed is subject to attachment, and a subsequent sale thereof under a judgment recovered against the grantor relates back to the time of levy of the attachment.

ID.—DESCRIPTION OF PROPERTY—IDENTITY—VARIANCE.—Where a variance between the description of the property attached and that contained in the sheriff's deed under the execution, as to the number or name of the block in which the property was situated, is such that no one could be misled thereby, and the description in the return is sufficient to notify a purchaser of the lots, and to enable the sheriff to identify the same, such variance is immaterial.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*P. W. Dooner*, and *E. H. Bentley*, for Appellant.

The judgment did not and could not relate back to the attachment because there was nothing to attach, and hence no attachment. The trust in the Los Angeles Improvement Company was properly created for the uses specified therein. (Civ. Code, secs. 857, 863; *Thompson* v. *McKay*, 41 Cal. 221; *Cutter* v. *Hardy*, 48 Cal. 568.) The grantee of real property subject to a trust acquires a legal estate in the trust property as against all persons except the trustees and those lawfully claiming under them. (Civ. Code, sec. 865; Perry on Trusts, sec. 598; *Cutter* v. *Hardy*, 48 Cal 568; *Saunders* v. *Schmaelzle*, 49 Cal, 59.) The title acquired from a trustee in such case is good, even though the debt for the payment of which the trust was created had already been paid in full. (*Thompson* v. *McKay*, 41 Cal. 221.) An attaching creditor can acquire through the attachment no higher or better rights than defendant had when the attachment was levied. (Drake on Attachments, secs. 223, 224, 234, 245; *Alexander* v. *Pollock*, 72 Ala. 137; *Handley* v. *Pfister*, 39 Cal. 283; 2 Am. Rep. 449; *Crocker* v. *Pierce*, 31 Me. 177, *Ward* v. *Waterman*, 85 Cal. 491.) The attachment was defective as the description in the sheriff's deed and that of the property attached differed. (*Danielson* v. *Andrews*, 1 Pick. 156; *Willis* v. *Crooker*, 1 Pick. 204; *Fairfield* v. *Baldwin*, 12 Pick. 388, 395; *Webster* v. *Haworth*, 8 Cal. 21, 68 Am. Dec. 287.)

*Wells, Monroe & Lee*, for Respondents.

Any words which clearly designate and comprehend the property attached are sufficient, and if the land be intelligibly indicated, objections on the score of imperfections in the descriptions are removed. (Drake on Attachments, sec. 237.) Any interest which a defendant has in land, legal or equitable, is subject to attachment. (Code Civ. Proc., 688; *Fish* v. *Fowlie*, 58 Cal. 373; *Kennedy* v. *Nunan*, 52 Cal. 326.)

PATERSON, J.—Action to quiet title.

In September, 1886, Ellis, the owner of the land in controversy, by deed of trust, conveyed the land to Edward A. Hall, authorizing the latter to sell the property in said deed described, and out of the proceeds pay the indebtedness due from Ellis to the Los Angeles Improvement Company. On December 30, 1886, Hall executed and delivered to said improvement company a deed, grant, bargain, and sale in form, but as a part of the same transaction an agreement was entered into between Ellis, party of the first part, Hall, party of the second part, and the Los Angeles Improvement Company, party of the third part, the terms of which states that the party of the first part, by and with the consent of his trustee, *to secure payment* of an indebtedness amounting to the sum of eleven thousand eight hundred and sixty-five dollars and fifty-five cents, evidenced by notes and orders, had caused to be conveyed to the third party the property described in the deed of trust of September 24, 1886. It was provided therein that as soon as said improvement company "shall have received their pay in full as above stated, and shall be fully reimbursed for such payments as the said J. W. Ellis shall cause them to expend under his orders during the continuance of this contract, which sums shall be payable out of the receipts of the sale of said lands, then the Los Angeles Improvement Company shall deed to said J. W. Ellis the balance of the property remaining unsold." On April 25, 1887, the defendant, J. P. Monroe, in an action against Ellis caused an attachment to be levied upon the property in controversy. On September 29, 1887, Ellis conveyed the land to the plaintiff's grantor, and on the day following the Los Angeles Improvement Company executed and delivered to Ellis a quitclaim deed of the property. On October 12, 1887, the defendant Monroe recovered judgment against Ellis in the attachment suit, and a sale of the property upon execution followed in February, 1888.

It is claimed by appellant that the sale under the

judgment recovered by the defendant against Ellis did not relate back to the time of the attachment, because at the time said attachment was levied the legal and equitable title of the property was in a trustee of Ellis; that an attachment can operate only upon the interest of a defendant at the time the attachment is levied, and not upon any interest he subsequently acquires in the property affected by it.

Inasmuch as under our codes any interest, legal or equitable, which a defendant has in lands is subject to attachment (Code Civ. Proc., secs. 542, 688), and notwithstanding the fact that every express trust in real property vests the whole estate in the trustees, subject only to the execution of the trust, the author thereof may prescribe to whom the real property to which the trust relates shall belong in the event of the failure or termination of the trust, and may transfer or devise such property, subject to the execution of the trust, it would seem that the contention of the appellant is unsound; but we do not deem it necessary to consider the question discussed in the briefs, as to whether after the execution and delivery of a deed of trust the grantor retains any attachable interest. The deed from Hall to the Los Angeles Improvement Company, and the agreement accompanying the same, constituted a mortgage with a power of sale—the transaction was consummated by a deed with a separate defeasance authorizing the improvement company to sell so much of the land as might be necessary to pay the amount of the loan, interest, and charges, and to reconvey to Ellis the property remaining unsold. This form of security is no longer looked upon with disfavor, and our statutes expressly authorize mortgages conferring the power of sale upon the mortgagee or other person. (Civ. Code, sec. 2932.) The power given is merely a cumulative remedy, and does not in any way affect the right to foreclosure in chancery. (*Cormerais* v. *Genella*, 22 Cal. 116.) If there be any doubt as to whether an instrument was intended as a mortgage or a deed of trust, such doubt should be

resolved in favor of a mortgage with the power of sale. The intervention of a trustee is not always, but is generally, a serious inconvenience and expense. "The mortgagor is apt to suppose that in placing the exercise of the power in the hands of a disinterested third party, whose position in relation to it is merely that of a trustee, he secures for himself the protection of fair dealing. It generally happens, however, that the debtor has to pay for the services of a trustee, whose disinterestedness is no more than that of the creditor himself. . . . . This form of security has come into very general use in several states, and in Virginia and West Virginia, in particular, has come into universal use in securing debts upon real estate." (2 Jones on Mortgages, secs. 1725, 1764, 1769, and 1770.) The defendant's title under the sheriff's deed, we conclude, relates back to the time of the levy of the attachment.

We see no merit in the claim that the property attached on the 25th of April is not the same property that was conveyed to plaintiff on the 29th of September. The only variance between the descriptions in the attachment proceedings and in the deed is in the evidence as to the number or name of the block. The lots should have been described in the attachment proceedings as being in block D, instead of block 9, but upon reference to the map of Ellis' subdivision, which map was referred to in the conveyances, it appeared to the court that nobody could have been misled. All the lots referred to in the sheriff's description are on the map; there is no block on the map which is known as block 9; there are but two blocks on the map, namely, block T and block D; all the lots on the map in block T were levied on by the sheriff, and his return shows it; all that was left of the property outside of block T on the map was in block D; all of the lots in controversy fronted on Belmont avenue. The court did not err, therefore, in holding that the description in the return was sufficient to notify a purchaser of the lots, and to enable the sheriff to identify the same.

Judgment and order affirmed.

HARRISON, J., and GAROUTTE, J., concurred.

Hearing in Bank denied.