DAVID A. CLARK v. EDWARD C. MITCHELL and Another.[1]

December 3, 1900.

Nos. 12,262—(98).

**Foreclosure of Mortgage by Advertisement.**

To authorize a valid foreclosure sale by advertisement, the legal as well as the record owner of the mortgage must execute the power of sale, and sign the foreclosure notice.

**Foreclosure by Trustees of Deceased Beneficiary.**

When such legal and record owner, under assignment of the mortgage in trust for several beneficiaries, one of whom has died, forecloses the same in the name of the trustees, and it does not appear that the trust has been fully executed, as in this case, the sale is valid, and must be sustained.

**Sale by Deputy Sheriff.**

Upon a foreclosure sale by advertisement, such sale may be made by the deputy sheriff in his own name or in the name of his principal; following Burke v. Lacock, 41 Minn. 250, 253.

Action in the district court for Hennepin county against Edward C. Mitchell and Horace E. Smith, trustees for Annie I. Mitchell, Mary Matthews and Emma Gregg, and as trustees under the will of L. C. Iungerich, and the will of Annie I. Mitchell, deceased, to set

[1] Reported in 84 N. W. 327.

aside a mortgage foreclosure sale. From an order, Harrison, J., sustaining a demurrer to the complaint, plaintiff appealed. Affirmed.

*Charles J. Tryon*, for appellant.

*Stringer & Seymour*, for respondents.

LOVELY, J.

Action to set aside a mortgage foreclosure sale by advertisement. Upon demurrer the trial court held that the complaint did not state a cause of action, from which order this appeal presents two questions: First. Was the foreclosure legally made by two parties to whom the assignment of the mortgage was executed as trustees? Second. Was the execution of the certificate of sale by the deputy sheriff in his own name as such deputy valid?

The facts set forth in the complaint may be briefly compressed in the following statement: Louis C. Iungerich, of Philadelphia, died testate, having in his will provided that three shares of his estate should be set aside and held in trust by his executors for the benefit of his three daughters, Annie I. Mitchell, Mary Matthews, and Emma Gregg, which property was to be securely invested for their benefit, and as beneficiaries they were to have the income thereof, each of her respective share, during her lifetime, and after her decease the principal share was to be paid over in such manner as such deceased daughter should by her will have directed. This will was duly admitted to probate and properly recorded in this state. In furtherance of its provisions, the executors, for the purpose of investment, made a loan to one Wales, and accepted in security therefor a mortgage upon the property in question, of which he was the owner. Afterwards, by proper assignment, which was duly recorded, the executors transferred the mortgage to Edward C. Mitchell and Louis I. Smith, as trustees for the three daughters above named, which the complaint alleges to have been so assigned "under the provision of said will, and to carry out the terms thereof, and of an order of the orphans' court of the city of Philadelphia theretofore made in enforcement and execution of said will."

Subsequently Mrs. Mitchell died testate at St. Paul, having by her will made provision for the disposition of her share in the Iungerich

estate, and appointed her husband, Edward C. Mitchell, trustee for the disposition of the property bequeathed to her by the will of her father. The will of Mrs. Mitchell was duly admitted to probate in Ramsey county. It may be stated, in passing, that Edward C. Mitchell, who was the trustee named in the will of his wife, was the same person who was also the assignee of the mortgage in trust for the three daughters. The mortgaged property, previous to the commencement of this action, was sold to the plaintiff, but the mortgage debt was not paid, and upon default, after the death of Mrs. Mitchell, the assignees of the mortgage, as trustees, instituted foreclosure proceedings by advertisement, signing notices, proper in form, as Edward C. Mitchell and Louis I. Smith, trustees for Annie I. Mitchell, Mary Matthews, and Emma Gregg. Upon this notice of foreclosure sale, at the proper time, one Anderson, deputy sheriff of Hennepin county, sold the property, under the power therein, to satisfy the mortgage, and by certificate of sale transferred the same to the trustees in his own name as such deputy, and not in the name of the sheriff of Hennepin county. Within the year provided by statute for redemption, this action was brought to set aside the foreclosure sale upon the grounds stated above.

The contention of the plaintiff is that the death of Mrs. Mitchell, and her will appointing a trustee for the disposition of her interests, prohibited the assignees of the mortgage from giving the notice of foreclosure, upon the claim that her interest in such mortgage passed by her death and the probate of her will to her beneficiaries named therein, and that her trustees under the assignment could not do for her that which could not have been done in her name after her death, had the mortgage been made directly to her. The court below held, and we think correctly, that the trust created by this assignment, so far as it affected the right to foreclose the mortgage, had not determined. It is true that the foreclosure by advertisement of a mortgage cannot be made in the name of the deceased mortgagee (Bausman v. Kelley, 38 Minn. 197, 36 N. W. 333); but the application of this rule to the conditions in this case is not apparent, for the reason, at least, that it does not appear that the trustee owners of the legal estate had fully executed their trust under the original will.

The statute providing for foreclosure of mortgages by advertisement was enacted with much care, to apply to those cases where the legal, as well as the record, title unite in the same person. It is necessary that it should be so. The mortgage and assignments must be of record, under the statute, and, by its provisions applicable to such cases, it seems clear they were enacted to avoid confusion, and to guard and protect interests in real property of record. It will be found, by reference to the previous decisions of this court, that these requirements have been most rigidly and unqualifiedly enforced. Dunning v. McDonald, 54 Minn. 1, 55 N. W. 864; Hathorn v. Butler, 73 Minn. 15, 75 N. W. 743.

It has also been held in the same line, for clear and obvious reasons, that equitable interests in beneficiaries, such as would be recognized and protected in foreclosure by proceedings in court, cannot be given effect in execution of the power of sale by advertisement. Benson v. Markoe, 41 Minn. 112, 42 N. W. 787; Backus v. Burke, 48 Minn. 260, 51 N. W. 284; Burke v. Backus, 51 Minn. 174, 53 N. W. 458; Dunning v. McDonald, supra. But both the record and legal title must concur and co-exist at the same time in the same person or persons, who alone have the authority to foreclose the mortgage in such cases; and this, without reference to the equitable ownership of interests therein by third parties.

It was held in a case very similar to this in principle, that

"The mortgagor, whose interests were not affected by the fact that others had equitable rights in the mortgage with the one in whom the legal title was vested, could not on that fact alone object to his using such legal title." Bottineau v. Aetna L. Ins. Co., 31 Minn. 125, 16 N. W. 849.

And we find nothing in conflict with this view in any of the previous decisions, but an examination of the cases in this court will show that, in proceedings for foreclosure by advertisement, the owner of the record and the legal title existing at the time of the foreclosure is the proper person to conduct and effectuate the same, as upon the facts in this case. Brown v. Delaney, 22 Minn. 349; Solberg v. Wright, 33 Minn. 224, 22 N. W. 381; Burke v. Backus, supra; Bottineau v. Aetna L. Ins. Co., supra; Carpenter v. Artisans Sav. Bank, 44 Minn. 521, 47 N. W. 150.

Without unnecessary speculation as to the rights of the beneficiaries of Mrs. Mitchell, we think the above rule applies here, and must govern in this case, without making the equitable interest of such beneficiaries a test of the right to foreclose, or even join in the proceedings. It would seem to us that the application of the rule above stated tended to secure the best interests of all who were concerned in securing the proper distribution of the proceeds of this mortgage. The trustee of Annie I. Mitchell's will was her husband, one of the trustees under the Iungerich will, to collect the mortgage and account for the proceeds. In the foreclosure sale the trustees, Mitchell and Smith, were named as "trustees of Annie I. Mitchell, Mary Matthews, and Emma Gregg," who received their powers solely from the will of Louis C. Iungerich; and it does not appear from the allegations of the complaint that they had closed up their trust relations as such, or accounted for the proceeds derived from the mortgage, or, even though it was held, in the execution of their trust, that any portion of the proceeds were of specific benefit to Mrs. Mitchell at her death. It might really have belonged to the other beneficiaries; and it may be presumed, under these circumstances, to have been foreclosed with the consent, as it was in fact with the co-operation, of her husband, the trustee named in her will. Baldwin v. Allison, 4 Minn. 11 (25).

2. With reference to the alleged defect in the certificate, the statute provides that the foreclosure may be conducted by the deputy sheriff, and that the certificate be issued by him. This would seem to dispose of any cavil or doubt upon the propriety of the course pursued in this case. G. S. 1894, §§ 6034–6038, 6040. It was held in Burke v. Lacock, 41 Minn. 250, 42 N. W. 1016, that the law authorized a deputy sheriff, as such, to make the foreclosure sale in his own name and to issue the certificate. When he does so it follows that it is proper for him to sign the certificate in his own name as deputy sheriff. His certificate stands on the same footing, and has the same effect, as that of his principal. It was also held in that case that the deputy may make such a certificate in his own name, as well as that of his principal. We see no reason for departing from this rule.

The order of the trial court is affirmed.