(114 N. W. 1085.)

---

WILLIAM H. BROWN v. LEWIS COMONOW, SARAH COMONOW, WM. G. NIXON, TRUSTEE, AND ALL OTHER PERSONS UNKNOWN, CLAIMING ANY ESTATE OR INTEREST IN OR LIEN OR INCUMBRANCE UPON THE PROPERTY DESCRIBED IN THE COMPLAINT, AND THEIR UNKNOWN HEIRS; AND AARON COMONOW, HENRY COMONOW AND DORA LEAVITT, WHO ANSWERED IN SAID ACTION AS UNKNOWN DEFENDANTS.

Opinion filed Jan. 9, 1908.

**Mortgages — Trust Deed.**

1. Whether under section 4348, Comp. Laws 1887, being section 6151, Rev. Codes 1905, a person may give a trust deed as well as a

mortgage upon real property as security for the payment of indebtedness, and whether the instrument referred to in the opinion is or was intended by the parties thereto to be a trust deed as distinguished from a mortgage, is not determined.

**Same — Foreclosure by Advertisement — Power of Sale.**

2. Such instrument, whether a trust deed or a mortgage, contains no power of sale authorizing any one, except the trustees therein designated, or his successor in trust, to sell the property in case of default; hence the attempted foreclosure by advertisement by plaintiff, who was merely the assignee of the beneficiary under said instrument, was a nullity, and plaintiff acquired no title thereunder.

**Same.**

3. Express statutory authority is conferred by section 6159, Rev. Codes 1905, upon a mortgagor to designate the mortgagee or any other person to execute the power of sale upon default in the payment of the mortgage indebtedness.

**Quieting Title — Evidence.**

4. In an action to determine adverse claims to real property, the plaintiff must recover, if at all, upon the strength of his own title, and not upon the weakness of his adversary's title.

**Same — Judgment.**

5. Even if plaintiff had acquired title under such foreclosure proceedings, the proof shows that he conveyed the same to another prior to the commencement of this action, and having failed to show any title to the property, the judgment of the district court in defendant's favor was proper in so far as it denied any relief to plaintiff. The judgment, however, in so far as it quieted title in defendants, is erroneous, and the same is accordingly modified.

Appeal from District Court, Ramsey county; *Cowan, J.*

Action by William H. Brown against Sarah Comonow and others. Judgment for defendants, and plaintiff appeals.

Modified and affirmed.

*Burke & Middaugh* and *Engerud, Holt & Frame,* for appellant.

Deed of trust given as mere security is a mortgage. Hoyt v. Fass, 25 N. W. 45; Austin v. Sprague Mfg. Co., 14 R. I. 464; Shaw v. Norfolk Co. I. Co., 5 Gray, 162; DeWolf v. Sprague Mfg. Co., 49 Conn. 283; Turner v. Watkins, 31 Ark. 429; Martin v. Alter, 42 Ohio Stat. 94.

Such deed is within the scope of the statute as regards power of sale. Tiffany on Real Property, section 555; Cross v. Fombey, 54 Ark. 179; Wolf v. Dow, 13 Smedes & M. 103; Schilaber v. Robinson, 97 U. S. 75, 24 L. Ed. 967; Lawrence v. Farmers Loan & Trust Co., 13 N. Y. 200.

Assignment of a debt secured by a mortgage carries the latter also. Parker v. Randolf, 59 N. W. 722; Ord v. McKee, 5 Cal. 515; Mack v. Wetzlar, 39 Cal. 247.

*Godfrey & Molander, McClory & Barnett,* for respondents.

Trustee in a mortgage can alone execute its powers conferred by it. Seibert v. M. & St. L. Ry. Co., 53 N. W. 1134; Gasser v. Sun Fire Office, 44 N. W. 252; Chicago R. Co. v. Fosdick, 106 U. S. 47, 27 L. Ed. 47; Gates v. Railroad Co., 53 Conn. 346; Shaw v. R. Railroad Co., 100 U. S. 605, 25 L. Ed. 757; Canada Southern R. Co. v. Gebhard, 109 U. S. 534, 27 L. Ed. 1020; Guilford v. Minneapolis, S., St. M. & A. Co., 51 N. W. 658; Ogden v. Grant, 6 Dana, 474; Burke v. Backus, 53 N. W. 458.

Fisk, J. This action was brought to determine adverse claims to certain real property in Ramsey county, the plaintiff alleging ownership in fee of the property in controversy. The complaint is in the statutory form ,and the answer consists of a general denial, and also alleges title in fee in the defendants, and prays that title be quieted in them.

The facts are undisputed, and are as follows: On November 10, 1886, one Lewis Comonow was the owner in fee of the property in controversy, and on said date he and his wife Sarah, one of the defendants, executed and delivered an instrument in form a trust deed of said property to secure the payment of $557 according to the terms of a promissory note executed on that day by the said Lewis Comonow and payable to one William F. Baird. By the terms of the instrument the grantors in form sold and conveyed the premises in question to one William G. Nixon in trust, he being designated in the deed as trustee and party of the second part; and said instrument provides that in case of death, absence or inability to act of the said second party, then one Frank R. Davis is appointed as his succesor in trust, and William F. Baird is designated as party of the third part. The instrument provides that in case the grantors shall pay such indebtedness and all taxes,

insurance, etc., when due, the same shall be void, otherwse to be of full force and effect.  It further provides that upon default in such payment the party of the second part shall be at once clothed with the legal ownership of the property, and become at once entitled to the possession thereof, and to the rents, issues and profits, and upon application of the party of the third part, or the legal holder of said note, shall at once proceed to sell the property at public auction at the front door of the courthouse in said county, first giving public notice stating the time and place of sale, and of the property to be sold, by publishing such notice in a newspaper published in the county.  It was also provided by said instrument that the person making said sale shall receive the proceeds thereof, and shall execute a deed of conveyance, which shall be effectual to pass the fee-simple title of said premises to the purchaser, and out of the moneys arising from the sale he shall pay the expenses of such trust and of such sale, including a stipulated attorney's fee, and the amount due on said promissory note, rendering the overplus, if any, to the first party.  Other provisions are contained in said instrument, which, however, are not material to the question here involved.  On January 4, 1892, the said Baird party of the third part, assigned to the plaintiff herein all his interest in the so-called trust deed, together with the note secured thereby, which assignment was, on May 11, 1899, recorded in the office of the register of deeds of Ramsey county.  On said date, and once each week for six successive weeks thereafter, plaintiff caused notice of sale to be published in a newspaper in said county, signing his name thereto as assignee, which notice recited that the premises therein mentioned would be sold at the front door of the courthouse at the city of Devils Lake at 2 o'clock p. m. on June 30, 1899, to satisfy the indebtedness secured thereby.  On the latter date the premises were sold pursuant to such notice, the sheriff of Ramsey county making the sale, and the plaintiff becoming the purchaser.  Thereafter, and on July 29, 1901, the sheriff of Ramsey county executed and delivered to plaintiff a sheriff's deeds pursuant to such sale, under which plaintiff claims title in this action. Defendant Sarah Comonow is the widow of Louis Comonow, deceased, and the other defendants are his heirs at law, and they claim title as such heirs.

The plaintiff evidently proceeded in such foreclosure proceedings upon the theory that said instrument was a mortgage containing a

power of sale running to the mortgagee or his assigns, to be exercised in the usual manner in case of default in the payment of the indebtedness secured thereby; and the chief controversy between the parties is whether the instrument aforesaid is a mortgage or a trust deed, and if a mortgage, whether it contains a power of sale which authorized plaintiff as assignee to foreclose by advertisement. Respondents contend that it is not a mortgage, and they assert that, even if it is, it contains no power of sale authorizing plaintiff as assignee to foreclose by advertisement, and this was the view taken by the trial court. Whether the instrument is a trust deed or a mortgage it is unnecessary for us to determine. It is argued by appellant's counsel that because it is an instrument transferring an interest in real property made only as security for the payment of money it is a mortgage. Such is not the test, as the law in force at the time the instrument was executed clearly demonstrates. Section 4348, Comp. Laws 1887, being section 6151, Rev. Codes 1905, reads: "Every transfer of an interest in real property other than in trust, made only as security for the performance of another act, is to be deemed a mortgage," etc. From the language employed by the parties it would seem that the instrument was intended as a transfer of an interest in real property in trust as security for the payment of the indebtedness therein mentioned. By the enactment of the foregoing section with the words "other than in trust" inserted therein it may plausibly be argued that it was the legislative intent to authorize the transfer of property in trust as well as to give a mortgage as security for an obligation. This section, as well as a corresponding section in the Civil Code of California, was borrowed from the Field Code reported to the legislature of New York, but as thus reported the latter code did not contain the words "other than in trust;" but the legislature of California in 1873-74 amended the section by inserting these words, and such amendment was adopted in the territory of Dakota in 1877. The Supreme Court of California has repeatedly construed instruments similar to the one here involved as trust deeds and not mortgages. Koch v. Briggs, 14 Cal. 257, 73 Am. Dec. 651; Grant v. Burr, 54 Cal. 298; Bateman v. Burr, 57 Cal. 480; Godfrey v. Monroe, 101 Cal. 224, 35 Pac. 761; Powell v. Pattison, 100 Cal. 234, 34 Pac. 676; Bank v. Alcorn, 121 Cal. 379, 53 Pac. 813; Savings & L. Soc. v. Burnett, 106 Cal. 514, 39 Pac. 922; Banta v. Wise, 135 Cal. 277, 67 Pac. 129. But whether

such an instrument is a trust deed, and will operate to transfer the legal title to a trustee as is held in California, is unnecessary for us to decide in this case. The weight of modern authority seems to be opposed to the California doctrine. See 28 Am. & Eng. Enc. Law (2nd Ed.) 752-753, and cases cited; also, In re Packing Co., 138 Fed,627, 71 C. C. A. 75, 2,L. R. A. (N. S.) 560.

Assuming the instrument to be a mortgage, it will not strengthen plaintiff's case, for the very obvious reason that it contains no power of sale authorizing him as such assignee to foreclose by advertisement, hence his only remedy was by an action in equity. The power of sale runs to Nixon as trustee and his successor in trust, and no language is therein contained from which it can be argued that even Baird, the third party and beneficiary under the instrument, could exercise the power, and hence the plaintiff, who is merely his assignee, acquired no such right. Except as otherwise expressly provided by law, the power can be exercised by such person or persons only as may be selected by the grantor of such power. This is well settled. 28 Am. & Eng. Enc. Law, 767, and cases cited. Under the express provisions of our Revised Civil Code for 1905 (section 6159) a power of sale may be conferred by the mortgagor upon the mortgagee or any other person. Godfrey v. Monroe, supra. Furthermore, it is settled in this state that such a power can be exercised only by a person having the legal title to the mortgage. The fact that Baird assigned the note and his interest in the security to plaintiff is not sufficient, as Nixon was the legal owner and holder of the instrument. True he held the same merely in trust, and Baird was the beneficiary under such trust; but this did not constitute Baird the legal owner of the instrument, so as to vest in him the power to foreclose by advertisement. See Morris v. McKnight, 1 N. D. 266, 47 N. W. 375; Clark v. Mitchell, 81 Minn. 438, 84 N. W. 327, and cases cited; Bachus v. Burke, 48 Minn. 260, 51 N. W. 284. In Morris v. McKnight this court said: "From the adjudicated cases, and the wording of the statute, we conclude that, when a party seeks to foreclose a mortgage in this state by advertisement, claiming such right as assignee, the record must show complete legal title to such mortgage in such assignee; otherwise such foreclosure will be a nullity. Any other rule would discourage bidding at such foreclosure sales, and result in the sacrifice of property, and the title so conveyed would remain under suspicion, and values be thereby

depreciated." In Clark v. Mitchell, supra, it was said:"It has also been held * * * * for clear and obvious reasons that equitable interests in beneficiaries, such as would be recognized and protected in foreclosure by proceedings in court, cannot be given effect in execution of the power of sale by advertisement. Benson v. Mark e, 41 Minn. 112, 42 N. W. 787; Backus v. Burke, 48 Minn. 260, 51 N. W. 284; Burke v. Backus, 51 Minn. 174, 53 N. W. 458; Dunning v. McDonald, 54 Minn. 1, 55 N. W. 864. But both the record and legal title must concur and coexist at the same time in the same person or persons, who alone have the authority to foreclose the mortgage in such cases; and this, without reference to the equitable ownership of interest therein by third parties."

A still further obstacle in the way of plaintiff's recovery is the evidence, which we think was properly admitted, showing that prior to the commencement of this action he parted with any interest he may have had in the property to one Ardery, and so far as the record discloses, he had no interest in the property at the date the action was brought. The case of Galbreath v. Payne, 12 N. D. 164, 96 N. W. 258, cited and relied upon by appellant's counsel, is not in point as we construe the opinion. In the case at bar it does not appear, as it did in Galbreath v. Payne, that the property was adversely held by any one at the date of such transfer, or that plaintiff had not been in possession thereof or receiving the rents and profits therefrom for over one year prior to such transfer.

We conclude, therefore, that plaintiff wholly failed to establish his ownership of the property as alleged. This it was incumbent upon him to do in order to make out his cause of action, as he must recover, if at all, upon the strength of his own title, and not because of the weakness of his adversary's title. Conrad v. Adler, 13 N. D. 199, 100 N. W. 722, and cases cited. "It is only after plaintiff has shown a right in himself * * * that defendant's title becomes material." See, also, Hannah v. Chase, 4 N. D. 351, 61 N. W. 18, 50 Am. St. Rep. 656.

It follows that the judgment of the district court was correct, and should be affirmed in so far as it denied any relief to plaintiff. It does not follow, however, that defendants were entitled to have the title quited in them as was adjudged by the trial court. There was no attempt to show that the indebtedness or any portion thereof secured by the trust deed or mortgage was ever paid or tendered to the owner or holder of the note secured thereby, hence

we think it was error to award such affirmative relief to defendants. The judgment is modified by eliminating the portion thereof quieting title in defendants, and as thus modified the same will be affirmed, but without prejudice, however, to a proper proceeding by plaintiff, in the event he is still the owner of the indebtedness secured by such instrument, to subject such security to the payment of the indebtedness, subject, of course, to any legal defense which may be urged. All concur.

MORGAN, C. J., being disqualified, took no part in the foregoing decision; CHARLES F. TEMPLETON, judge of the first judicial district, sitting in his place by request.