ROSEMA *v.* PORTER.

1. JUDGMENT—RES JUDICATA—BILL OF PARTICULARS.

A judgment in *assumpsit* for the care of a horse is not *res judi-cata* of a further claim for care covering a period between the commencement of the original suit and the date of trial, where the bill of particulars in such suit limited the claim to the period ending with the date of commencement of suit, even though the case was submitted under instructions permitting a recovery to the later date.

2. CONDITIONAL TENDER—EFFECT OF ACCEPTANCE.

A tender made upon the condition that it be accepted in full satisfaction of the amount due puts the party to whom it is made to his election, and his acceptance of the tender is in effect an assent to the condition.

Error to Kent; Grove, J.    Submitted January 12, 1897. Decided March 10, 1897.

Replevin by Nanco Rosema against Thomas H. Porter. From a judgment for defendant on verdict directed by the court, plaintiff brings error.   Reversed.

*John S. McDonald,* for appellant.

*Emanuel J. Doyle,* for appellee.

MONTGOMERY, J.   On the 6th of August, 1894, plaintiff sold to the defendant a gray stallion colt, warranting him eligible to registration as standard bred.   Shortly after the sale, defendant discovered that the horse was not eligible to registration, and thereupon rescinded the contract of sale, and commenced a suit in *assumpsit* to recover the purchase price and interest, and for the care and keep of the animal.   The bill of particulars limited the claim for the care and keep of the animal to a period ending August 20, 1895, the date of commencement of suit.   The plaintiff in that action (defendant here) recovered a verdict of

$200, which included, as appears to be conceded, $36.86 for the care and keep of the horse. The verdict was rendered on the 23d day of January, 1896. On the 27th of January, Mr. McDonald, representing the plaintiff in this case, went to defendant, and inquired of defendant if he claimed any title to the horse, to which the defendant answered that he did not, but that his claim was for the keep of the horse, and that it amounted to $175. McDonald tendered $36.86 to defendant, and said: "I want to tender you this money, being the entire amount that you are entitled to for the keep of this horse." Defendant took the money, and put it in his pocket, and said: "I will give you a receipt, and apply this on the keep." McDonald replied: "No, I will not accept any receipt, and I will not apply that money in this way. That is for the entire keep of the horse." Defendant, notwithstanding, kept the money, and refused to deliver the horse, whereupon plaintiff brought this suit in replevin. On the trial, the facts above stated were shown, and, in addition, the charge of the circuit judge in the *assumpsit* case was introduced, by which it appears that the circuit judge submitted the case to the jury upon a theory which would have permitted a recovery for the keep of the horse down to the date of trial. Plaintiff offered this in evidence, and insisted that the verdict of the jury on the former trial was an adjudication as to the amount of defendant's lien up to that date.

Two questions are raised: *First*, as to whether the verdict in the former action was *res judicata* as to the amount of the lien; and, *second*, whether the lien was discharged by the tender and receipt of the money, under the circumstances shown.

We think it cannot be said that the former judgment is *res judicata* as to the extent of defendant's lien upon the horse. The bill of particulars fixed the issue, under the general pleadings. This being the case, the record cannot be contradicted by showing that other matter has been adjudicated. *Mondel* v. *Steel*, 8 Mees. & W. 858; *Camp-*

*bell* v. *Butts*, 3 N. Y. 173; *Burdick* v. *Post*, 12 Barb.
168; *Hatch* v. *Benton*, 6 Barb. 28; *Meredith* v. *Mining*
*Ass'n*, 56 Cal. 178; *Green* v. *Clark*, 5 Denio, 497; *Jones*
v. *Perkins*, 54 Me. 393; *Chapman* v. *Smith*, 16 How.
114; 2 Van Fleet, Former Adj. § 428; 2 Smith, Lead. Cas.
784.

The circuit judge instructed the jury that the defendant
was entitled to recover for the care and keep of the horse
from August 20, 1895, to the date when the horse was
taken from his possession.   We are constrained to hold
that this was error.   When the money was tendered to
the defendant, accompanied by the condition that it be
received in discharge of the lien upon the horse, it was
the duty of the defendant to elect.   He could not receive
and retain the money, and escape from the condition im-
posed.   See *Fisher* v. *Holden*, 84 Mich. 494; *Potter* v.
*Douglass*, 44 Conn. 546; *Adams* v. *Helm*, 55 Mo. 468;
*Lee* v. *Dodd*, 20 Mo. App. 271; *Perkins* v. *Headley*, 49
Mo. App. 556.

Judgment reversed, and new trial ordered.

The other Justices concurred.