E. W. DAVIES v. J. E. DOW.[1]

June 15, 1900.

Nos. 11,969—(84).

## Trust Deed by Insolvent for Benefit of Creditors.

This was an action by an assignee in insolvency to recover possession or the value of a stock of merchandise upon which the defendant had a mortgage,. but the lien of which the assignee claimed had been discharged by a tender of the amount thereof before action brought. The tender was made prior to the change of the rule as to keeping it good made by Laws 1897, c. 292, § 8. It appeared on the trial that the assignor, prior to making an assignment in insolvency, executed a trust deed of the property, subject to the mortgage, to a third party, for the benefit of such of his creditors as assented thereto. *Held*:

## Trust Deed Void as to Nonassenting Creditors.

1. That the trust deed was void on its face as to nonassenting creditors, and as to the plaintiff as such assignee, and therefore it did not appear from the evidence that the title to the goods in question was in a third party, and it was not error for the trial court to refuse to make findings as to such trust deed.

## Tender.

2. A tender, to be good, must not be made upon any condition to which the creditor has a right to object. A party, however, who tenders money, has a right to exclude any presumptions against himself that the sum tendered is in part payment of the debt. Hence the tender in this case, which was in payment of the mortgage, was good.

## Tender by Assignee of Mortgagor.

3. A tender of the amount of a mortgage lien by the mortgagor's assignee in insolvency has the same effect as if made by the mortgagor. The tender, although not kept good, in each case discharges the lien, if fairly made and deliberately refused.

## Tender before Foreclosure Sale.

4. Such assignee may make such tender at any time before foreclosure sale, although the mortgagee has taken possession of the property under his mortgage after condition broken; and such tender, without being kept good, will discharge the lien of the mortgage precisely as if the tender had been made by the mortgagor.

[1] Reported in 83 N. W. 50.

Finding Sustained by Evidence.

> 5. The finding of the trial court to the effect that the tender was fairly made and deliberately refused is sustained by the evidence.

Action in the district court for Pipestone county by plaintiff as assignee of H. P. Lewis, insolvent, to recover possession of a stock of merchandise, or $4,000 in case a return could not be had, and $1,000 damages for the detention. The case was tried before P. E. Brown, J., who found in favor of plaintiff. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*Lorin Cray* and *Fred B. Dodge*, for appellant.

Title appearing in a third person, plaintiff could not recover, and the action should have been dismissed. Loomis v. Youle, 1 Minn. 150 (175); Caldwell v. Bruggerman, 4 Minn. 190 (270); King v. Lacrosse, 42 Minn. 488; Cobbey, Rep. § 784; Siedenbach v. Riley, 111 N. Y. 560. The trust deed was prima facie valid. Wells-Stone v. Grover, 7 N. D. 460. It was voidable only in a proceeding brought to annul it. Bean v. Scheffer, 68 Minn. 33.

To extinguish the lien, the tender must appear to have been fairly made, that is to say, made in good faith, in the sense of inviting acceptance, and to have been made unconditionally—and not withdrawn (the time being reasonable) until acted upon. Tuthill v. Morris, 81 N. Y. 94; Moore v. Norman, 43 Minn. 428; Bank of Benson v. Hove, 45 Minn. 40; Shotwell v. Dennman, 1 N. J. L. 174; Potts v. Plaisted, 30 Mich. 149. The tender was not unconditional. Wood v. Hitchcock, 20 Wend. 47; Noyes v. Wyckoff, 114 N. Y. 204, 207; Tompkins v. Batie, 11 Neb. 147; Potter v. Douglass, 44 Conn. 541; Rosema v. Porter, 112 Mich. 13; Sutton v. Hawkins, 8 Car. & P. 259; Hough v. May, 4 Ad. & El. 954; Moore v. Norman, 52 Minn. 83. It was withdrawn before acted upon.

Plaintiff did not disclose to defendant by what right or on whose behalf he made the tender. When a tender is made by a stranger the creditor must be informed on whose behalf it is made, otherwise he is not required to accept it. Mahler v. Newbaur, 32 Cal. 168. A tender by a stranger to the contract or owner of the equity of redemption does not discharge the lien of the mortgage. Harris v. Jex, 66 Barb. 232; Noyes v. Wyckoff, 30 Hun, 466.

Tender after delivery of the property to the mortgagee and possession taken thereof do not discharge the mortgage lien unless it is kept good. The theory on which in New York, as applied to real estate mortgages (see Kortright v. Cady, 21 N. Y. 343), and in Michigan, as applied to chattel mortgages (see Flanders v. Chamberlain, 24 Mich. 305), it is held that a tender extinguishes the lien is that in these states the mortgage does not vest the legal title even after condition broken, but remains a lien only. In Moore v. Norman, supra, it was held by this court that technically the legal title is vested in the mortgagee after condition broken. This rule the court said still exists. But this court did not there hold that a tender after possession taken, as in the case at bar, discharges the lien without being kept good. See Bank of Benson v. Hove, supra; Smith v. Phillips, 47 Wis. 202.

A mortgage lien will not be devested by a tender where it is refused without full and due consideration, or where it is accepted with a condition, unless it appears that the condition is made as a pretext merely and in bad faith. Union Mut. L. Ins. Co. v. Union Mills P. Co., 37 Fed. 286; Waldron v. Murphy, 40 Mich. 668; Potts v. Plaisted, supra; Canfield v. Conkling, 41 Mich. 371. See also McCalla v. Clark, 55 Ga. 53; Perre v. Castro, 14 Cal. 519, 530; Vreeland v. Waddell, 93 Wis. 107; Wiltshire v. Smith, 3 Atkyn, 89.

*T. J. Knox*, for respondent.

Defendant must be confined in his proof to establishing his title under the chattel mortgage alleged. McClung v. Bergfeld, 4 Minn. 99 (148). The trust deed was void on its face as against the creditors of Lewis not parties to it, or against his assignee representing such creditors. G. S. 1894, §§ 4222, 4243; Greenleaf v. Edes, 2 Minn. 226 (264); Truitt Bros. & Co. v. Caldwell, 3 Minn. 257 (364); Gere v. Murray, 6 Minn. 213 (305); Leitch v. Hollister, 4 N. Y. 211; Burt v. McKinstry & Seely, 4 Minn. 146 (204). See Holcombe v. Ehrmanntraut, 46 Minn. 397; Thompson v. Johnson, 55 Minn. 515.

The tender was sufficient under the rule stated in Moore v. Norman, 43 Minn. 428, 52 Minn. 83. See Edwards v. Farmers, 21 Wend. 466; Kortright v. Cady, 21 N. Y. 343; Bartel v. Lope, 6 Ore. 321. The tender was absolute. Moore v. Norman, supra; Bowen v.

Owen, 11 Q. B. 130, 136; Halpin v. Phenix, 118 N. Y. 165, 176; De Long v. Wilson, 80 Iowa, 216; Potts v. Plaisted, 30 Mich. 149; Moynahan v. Moore, 9 Mich. 8; Preston v. Grant, 34 Vt. 201; Foster v. Drew, 39 Vt. 51. Smith was not a stranger, and was the proper party to make the tender; and if defendant had any question as to his right to make it, he should have inquired, or made objection at the time on that ground. 25 Am. & Eng. Enc. 918. See Eslow v. Mitchell, 26 Mich. 500. A tender made by an assignee in insolvency should have all the legal force of a tender by the original debtor, and there are good reasons why it should be more favored. Flanigan v. Seelye, 53 Minn. 23; Kortright v. Cady, supra; 25 Am. & Eng. Enc. 918; Yeager v. Groves, 78 Ky. 278. There is no reason why a tender should not have the same effect after default and possession taken and before sale as before possession taken. See Moynahan v. Moore, supra; Edwards v. Farmers, supra; Kortright v. Cady, supra; Exchange v. Norris, 74 Hun, 527.

A conditional acceptance, like a conditional tender, is bad. 25 Am. & Eng. Enc. 927. See also Adams v. Helm, 55 Mo. 468; Raines v. Jones, 4 Humph. (Tenn.) 490.

START, C. J.

This was an action to recover possession of a stock of merchandise, or the value thereof, and was originally commenced by Julius A. Smith as assignee in insolvency of H. P. Lewis. Afterwards he was removed, and the present plaintiff, E. W. Davies, was duly appointed such assignee, and substituted as plaintiff herein.

The complaint alleged ownership and right of possession of the goods in the plaintiff as such assignee, wrongful detention thereof by the defendant, and demand for their return or their value, $4,000. The answer denied the plaintiff's title to the property, and set out specifically the making of a chattel mortgage by the owner thereof, the plaintiff's assignor, Lewis, to W. B. Denhart, its assignment to the defendant, and possession of the goods in himself, taken under the mortgage, and surrendered by the mortgagor. It alleged no other source of title in the defendant, nor did it allege that he was the general owner of the property. The reply alleged a tender, before suit brought, to the defendant, of the amount due

on the mortgage. This action was tried by the court without a jury, and the material facts as found by the court are these:

On January 22, 1897, the plaintiff's assignor, Lewis, purchased the stock of merchandise described in the complaint from the then owner, W. B. Denhart, and, to secure a part of the purchase price thereof, he executed to Denhart on that day the note and mortgage described in the answer. The mortgage was duly filed on March 11, 1897, and before the making of the assignment in insolvency by the mortgagor. On April 2, 1897, the note and mortgage were duly assigned to the defendant, who on or about that date took possession of the property. On April 10, 1897, Lewis duly executed an assignment, under the insolvency laws of the state, of all of his property, for the benefit of his creditors, to Julius Smith, who accepted the trust and duly qualified. On April 22, 1897, Smith, as such assignee, tendered to the defendant the sum of $2,300 in payment of the note and mortgage, which was more than the full amount due thereon, but the defendant refused to accept the tender. The property at this time was of the value of $4,000. As a conclusion of law, the court found that the plaintiff was entitled to possession of the property or its value. The defendant moved the court for additional findings of fact, but the motion was denied, except as to one fact. Thereafter the defendant made a motion for a new trial of the action, which was denied, and he appealed from the order to this court.

On the trial of the action the plaintiff called his assignor, Lewis, as a witness, to show, among other matters, the value of the goods in question; and as a part of his cross-examination, and over the objection and exception of the plaintiff, the defendant was permitted to give in evidence a trust deed dated March 5, 1897, of the goods, made by the assignor, Lewis, to George H. Partridge, in trust for the benefit of such of his creditors as should become parties to the instrument, with power in the trustee to compromise and settle with certain creditors, and to continue the business. It is unnecessary further to specify the provisions of this trust deed, for it was void on its face as to creditors not assenting to it. The trustee, Partridge, by his agent, the defendant, Dow, took possession of the stock of goods. The evidence tends to show that Lewis

was insolvent at this time, and that a number of his then creditors proved their debts against his estate in insolvency.

1. The defendant claims that the trust deed was voidable only as to nonassenting creditors, in proceedings to set it aside; that there was no issue as to it in this action, nor evidence on the trial affecting it; that the title, subject to the mortgage, to the goods was shown to be in a third party, George H. Partridge, as trustee, therefore the plaintiff cannot recover.

It was not necessary for the plaintiff to assail this trust deed in his reply, because the defendant did not plead it, but the plaintiff did assail it by his evidence. The evidence that the grantor was insolvent, that he made an assignment in insolvency, that the assignee brought this action, and that creditors who were such when the trust deed was made have proved their claims against the grantor's estate, justifies the conclusion that the deed is void as to the plaintiff, who represents creditors. Shay v. Security Bank of Duluth, 67 Minn. 287, 69 N. W. 920. In the case cited it was held by a majority of the court that, in an action by an assignee in insolvency to recover property fraudulently transferred by his assignor, as to his creditors, it will be presumed that he represents creditors who are entitled to attack the transfer. Hence, the trust deed being void on its face as to nonassenting creditors, it was void as to the plaintiff, as such assignee. Therefore it did not appear from the evidence that the title to the goods was in a third party. The deed being void as to the plaintiff, and not in issue by the pleadings, the trial court did not err in refusing defendant's request for findings with reference thereto. Nor did it err in refusing to defendant other requests for further findings of fact.

2. The defendant further claims that the tender was a conditional one, and therefore the lien of the mortgage was not discharged.

The assignee, Smith, testified on this question as follows:

"I tendered him [the defendant] the money, and asked him to accept it in payment of the mortgage."

The testimony of a witness who was present when the tender was made was this:

"Mr. Smith said, 'Here is $2,300, that I now tender you as a payment of the balance due on that mortgage,' or words to that effect."

The trial court found, in accordance with the testimony of the assignee, that the tender was made in payment of the mortgage. Assuming, as we must, the correctness of the finding, we have the question whether the tender in payment of the mortgage was an unconditional one.

A tender, to be good, must not be made upon any condition to which the creditor has a right to object. A party, however, who tenders money, has a right to exclude any presumptions against himself that the sum tendered is in part payment of the debt. Moore v. Norman, 52 Minn. 83, 53 N. W. 809; Benjamin, Sales (7th Ed.) §§ 722–724. Hence a tender in payment of a debt, identifying it, is good; for in no other way can the party making it exclude any presumption against himself that the sum tendered is in part payment of the debt. But, if the party making the tender also requires the opposite party to accept it as all that is due, this is imposing a condition. It is to be noted in this case that the assignee did not ask or require the defendant to accept the money as payment in full or in extinguishment of the mortgage lien. He simply tendered the amount in payment of the mortgage. This, upon both principle and authority, was a good tender. In all of the cases cited and relied upon by the defendant there was an express or implied condition attached to the tender in payment of the debt. In Wood v. Hitchcock, 20 Wend. 47, the tender was in full discharge of all demands. In Noyes v. Wyckoff, 114 N. Y. 204, 207, 21 N. E. 158, it was made, not simply in payment of the debt, but in payment and extinguishment of the lien. In the cases of Tompkins v. Batie, 11 Neb. 147, 7 N. W. 747; Potter v. Douglass, 44 Conn. 541; Rosema v. Porter, 112 Mich. 13, 70 N. W. 316; and Sutton v. Hawkins, 8 Car. & P. 259,—also cited by the defendant, the tender in each case was to the effect that it was in full payment of the debt, and for this reason it was held to be conditional. No such condition was attached to the tender in the case at bar.

3. It is also urged on behalf of the defendant that the assignee, Smith, did not disclose to the defendant by what right or on whose behalf he made the tender, and, further, that a tender by the as-

signee, without keeping it good, did not discharge the lien of the mortgage.

It is manifest from the evidence in this case that, while there was no direct statement by the assignee as to who he was, yet the defendant understood the matter, and recognized the assignee's right to make it. But, were it otherwise, the objection was waived by the defendant, for the reason that he did not make it at the time the tender was made. 25 Am. & Eng. Enc. 918. The only reason suggested by the defendant's counsel why the assignee could not by a tender extinguish the lien of the mortgage, precisely as his assignor might have done, is that the right so to claim a discharge of the lien "exists only in favor of the one who owes the debt, and remains liable for the payment thereof." But a tender not kept good does not affect in any manner the personal obligation of the mortgagor to pay the debt. It only affects the lien. Therefore the fact that the mortgagor remains liable for the payment of the debt affords no reason why a tender by him, not kept good, should discharge the lien, while if it was made by his assignee in insolvency it would not have that effect. The assignee in such a case not only stands in the shoes of the assignor, possessed of all of his rights, but he also represents the creditors of the assignor; and we hold that a tender of payment of a mortgage by such an assignee has the same legal effect as if made by the mortgagor. Flanigan v. Seelye, 53 Minn. 23, 55 N. W. 115; Kortright v. Cady, 21 N. Y. 343. In the first case cited the right of a vendee of personal property to make such a tender is recognized, and in the second one the tender was made by the grantee of the equity of redemption. If the vendee of personal property may make such a tender, with greater reason must it be held that an assignee in insolvency may do so.

4. Again, the defendant claims that at the time the tender was made he had taken possession of the goods in question as mortgagee, by virtue of his mortgage, therefore the tender, in order to discharge the lien, must have been kept good.

The evidence indicates that the property was in the possession of the defendant under the trust deed, and not under the mortgage, at the time the tender was made. But, if the premises of the proposition be conceded, the defendant's conclusion by no means follows;

for the right of a mortgagor to redeem his property from a chattel mortgage thereon at any time before the right is extinguished by foreclosure is a legal right, expressly given by statute. G. S. 1894, §§ 4136, 4137. If, after default, and possession taken by the mortgagee, it were necessary for the mortgagor to seek the equitable aid of the court to enable him to redeem, he would undoubtedly be required to do equity, and not only show that he had tendered payment of the mortgage debt, but also that he was still ready to pay it. Such, however, is not this case; for in making the tender the plaintiff was exercising a legal, not an equitable, right, and so long as he had such legal right the effect of exercising it must necessarily be the same, whether it is exercised before or after condition broken and possession taken. If a tender, not kept good, of the amount of a chattel-mortgage lien, made before the mortgagee takes possession of the property under his mortgage, extinguishes the lien, a like tender made after the mortgagee has so taken possession, but before a foreclosure sale thereof, will also extinguish the lien.

5. The defendant urges a number of other objections to the tender. They are that it was not fairly made, that it was withdrawn before it was acted upon, and that it was not refused. They are all included in a consideration of the general question whether the finding of the trial court to the effect that the assignee tendered to the defendant the sum of $2,300 in payment of the mortgage, which was more than the full amount due thereon, and that the defendant refused to accept the sum so tendered, is supported by the evidence. The rule is, as claimed by the defendant, and held in the case of Moore v. Norman, supra, that, in view of the serious consequences of the refusal of the tender, the proof should be very clear that it was fairly made, and deliberately refused by the mortgagee, and that sufficient opportunity was afforded to ascertain the amount due.

The evidence in some particulars was conflicting, but there was evidence given which fairly tended to establish these facts: Mr. Smith, the assignee, with his attorney, Mr. Foley, called upon the defendant, and asked him if he was the owner of the mortgage, and he replied that he was. Thereupon the assignee stated that he

wanted to pay him the amount due on the mortgage, and asked him to come to the bank. Accordingly the parties met at the bank at about 9:30 o'clock a. m., when the assignee tendered to the defendant $2,300 in gold, in payment of the mortgage. The defendant refused to accept the money, but with the qualification that he desired to send a telegram concerning the matter to Minneapolis. This was assented to by the assignee, who agreed that he might have a reasonable time for that purpose, and it was practically . understood by the parties that two hours would be such reasonable time. The defendant then left the bank, and returned in about two and one-half hours thereafter, with Mr. Janes, an attorney, who stated, in effect, that the defendant would accept the $2,300, provided he was allowed "to take out of the stock the goods shipped in under the trust deed." The assignee declined to accept the proposition, and there was no offer to accept the tender, except upon the condition named. In this connection the assignee gave, on his cross-examination, the following testimony:

"Q. Mr. Janes told you that they would accept that tender, and that they would put the money in the bank, and find out how much was due on the note, and, if there was not so much due on the note, that they would pay you back the balance, didn't he? A. That is the substance. Q. That is the substance of it? A. Yes, sir." On his redirect examination he testified thus: "Q. Did that offer of his include this proviso about taking out the goods,—this offer to have the money in the bank? A. He wanted and asked to take out the goods, and I should pay him $2,300, or the value of the note. Q. Whatever the note came to? A. Yes, sir. Q. Was this offer of his, to have money left in the bank for them to accept in some future time,—was that in connection with the taking of the goods out of the store? A. Yes, sir. Q. Then all of these offers of his contained this proviso,—that they should take the goods out of the store? A. Yes, sir."

Other than as we have stated, nothing further was done in reference to the tender, except that the money tendered to the defendant remained during his absence,—some two and one-half hours,—for his acceptance, on the table in the bank where it was placed when the tender was made. Soon after the assignee declined to accede to the defendant's conditional acceptance of the tender, the parties separated, and shortly after they separated, and

on the same day, the assignee commenced this action. There was evidence on the part of the defendant tending to show that his offer to accept the money was absolute, and that the assignee refused the offer for the reason that it was too late. The credibility of the witnesses, and whether the tender was fairly made, or whether it was withdrawn before it was acted upon, were questions for the trial court; and it necessarily found thereon in favor of the plaintiff, by its general ultimate finding that the money was tendered in payment of the mortgage debt. The evidence amply sustains its findings in this respect.

But the further question whether the finding that the defendant refused the tender is sustained by the evidence remains to be considered. It is, unless, as the defendant claims, his conditional offer to accept the tender was such an one as he had a right to make, and the assignee was bound to accept, or forego the benefit of his tender.

As a general rule, a party must accept a tender as made, or refuse it. He cannot prescribe the terms of its acceptance; otherwise, it would always be in the power of the creditor to defeat the tender by a conditional offer of acceptance, embracing conditions which the debtor could not concede without material prejudice to his interests and legal rights. Such a conditional offer to accept a tender is, in legal effect, a refusal to accept the tender. Courts, however, in view of the seeming hardship of the rule that a tender of the amount of a lien, and its refusal by the creditor, discharge the lien, without being kept good, have been very liberal in sustaining the right of the creditor to make a qualified acceptance. In many of the cases it would have been more consistent, and no less arbitrary, to have simply said that the rule was a harsh one, and refused to give it effect. It cannot be denied that the rule is a harsh one. It has, however, been abrogated, as to chattel mortgages, by the proper authority,—the legislature. See Laws 1897, c. 292, § 8. But prior to the enactment of the statute the rule was the law of the state, and a rule of property; and, while strict compliance with it should be exacted from those who invoke it, we cannot refuse to enforce it in cases coming fairly within it.

We are of the opinion that the trial court was fully justified in

treating the condition which the defendant annexed to his offer of acceptance as an unreasonable one, and, in effect, a deliberate refusal of the tender. The assignee was acting in a representative capacity, and responsible to creditors for the manner in which he discharged his trust. The trust deed was void as to creditors, and whether any goods shipped in under the trust deed belonged to the assignee was a serious question; for the trustee was, by the terms of the deed, authorized to continue the business, and to use the money realized from a sale of the trust goods to buy new stock. Hence there was but one safe thing for the assignee to do. That was to decline the conditional offer of acceptance. It was unreasonable and unnecessary for the defendant to make and insist on the condition, for the tender was simply in payment of the mortgage, and he was not required to surrender any property as a condition of accepting it. Whatever rights he had, if any, to the goods shipped in under the trust deed, could in no manner be impaired by his unqualified acceptance of the tender. The condition was not germane to the tender or its acceptance. We therefore hold that the finding of the trial court to the effect that the tender was fairly made and deliberately refused is sustained by the evidence.

Order affirmed.