EDWARD A. SOUFAL v. C. D. GRIFFITH AND OTHERS.[1]

May 2, 1924.

No. 23,873.

**Conditions under which tender of payment of mortgage were made improper.**

1. Under the circumstances of this case, certain conditions accompanying the tender of the amount due on a mortgage debt *held* improper, to-wit: (1) A demand that the creditor procure the revocation of record of a recorded power of attorney from a former holder of the mortgage to a third person purporting to authorize him to recover possession of the mortgage; (2) a demand that the creditor procure another assignment signed by the personally written signature of a former holder of the mortgage, from whom the creditors already had an assignment signed "by mark."

**When assignee of mortgage can foreclose it by advertisement.**

2. Before an assignee of a real estate mortgage can foreclose by advertisement, his title to the mortgage must appear of record to the extent that evidence outside the record is not needed to put it beyond reasonable question.

[1]Reported in 198 N. W. 807.

**Application of rule where title to mortgage rests on final decree of distribution.**

    3. That rule applied to a case where the title to a mortgage depends on a final decree of distribution of the estate of a deceased person and the language of the decree is so lacking in definition that extraneous evidence is necessary to show that in fact it vested title to the mortgage in a legatee.

Action in the district court for Steele county to restrain defendants from selling certain premises under mortgage foreclosure. The case was tried before Senn, J., who made findings that defendant Griffith was entitled to be paid $4,630.50 upon tender of a proper release and that the lien of his mortgage be discharged, and ordered that the temporary injunctions obtained be discharged. From the judgment entered pursuant to the order for judgment, defendant Griffith appealed. Modified.

    *Leach & Leach,* for appellant.

    *F. A. Alexander* and *Nelson & Nelson,* for respondent.

STONE, J.

Action to annul the lien of a real estate mortgage and enjoin its foreclosure. Judgment for plaintiff and defendant Griffith, assignee of the mortgage, appeals.

On July 20, 1912, plaintiff, then being indebted to him in the sum of $8,000, mortgaged the premises in question to one Anton Fisher to secure payment. The mortgage was duly recorded. The indebtedness matured July 20, 1922. Prepayments had reduced the principal to $4,500.

In 1913 the mortgagee, Anton Fisher, died testate. His will bequeathed his personal property to Anna Fisher, his widow. The note and mortgage in question were included in the share of the estate distributed to her by the final decree in the probate court. No question is made as to the validity of that decree and it has been properly made a matter of record in Steele county, where the land is situated.

The decree, describing the amount and nature of the residue of the estate remaining for distribution, recited that it consisted,

among other items, of the following: "One note signed by Eduard (sic) A. Soufal, dated July 20, 1912, prin. $8,000, int. at 4% (secured by mtg.) value and interest from July 20, 1912, $8,000." In assigning her share to Anna Fisher, it uses this language: "To the said Anna Fisher the sum of $13,379.06 consisting of notes, mortgages, etc."

There is nothing in the decree, nor in the record in the office of the register of deeds, to make clearer the admitted fact that plaintiff's note, together with the mortgage securing it, was intended to be and was actually included in this distribution to Anna Fisher.

Otherwise than by this decree, the mortgage was never assigned to Anna Fisher. Subsequently, and before the maturity of the indebtedness, she assigned it to defendant Griffith. The will of Anton Fisher had not been made a matter of record in the office of the register of deeds before the commencement of this action.

In 1917 a power of attorney from defendant Anna Fisher to Ryerson, also a defendant, was recorded in the office of the register of deeds. This document purported to give Ryerson authority to obtain possession of the mortgage in question. It had not been revoked when this action was commenced.

On the date of its maturity, defendant Griffith in person demanded the entire sum due, $4,630.50, and it was tendered by plaintiff under circumstances which would have made the tender a proper one if it had not been accompanied by conditions, some of which were objectionable, and properly so, to Griffith, the creditor.

Plaintiff claimed that the power of attorney to Ryerson so clouded Griffith's title to the mortgage and his right to collect the debt, that it was incumbent upon him to clear the record of that power of attorney before insisting upon payment. There was no merit in that condition. Plaintiff had no right so to qualify his tender. After the valid assignment of a mortgage, the assignor, by his unaided act, such as the mere recording of a power of attorney to a third person, cannot so cloud the title of his assignee and impair the right of the latter to foreclose, or otherwise enforce collection of the mortgage debt.

Anna Fisher's assignment of the mortgage to Griffith was in the usual form except that she had signed it "by mark." The execution being genuine and properly attested by witnesses and the certificate of acknowledgment, there is no valid objection to that method of signing. Subdivision 24, § 9412, G. S. 1913. Notwithstanding, plaintiff imposed as another condition upon his tender of payment a demand that Griffith procure from Anna Fisher another assignment subscribed by her personally written signature. That was an improper condition, not warranted by the circumstances, and of itself would have deprived a tender, otherwise sufficient, of any legal effect.

There were some other complications which require no discussion. But one, the most important, remains for consideration.

Plaintiff, through his counsel, also conditioned his tender by a demand that Griffith put beyond question his record title to the mortgage in question. The claim is that the decree, the only provisions of which concerning this mortgage have been recited, was not sufficient to pass title to the mortgage to Griffith as a matter of record; that, whatever the intention was, the provisions of the decree were so scant and lacking in definition as, standing alone, to leave Anna Fisher's right to the mortgage in doubt, and require extraneous proof, proof additional to the record, to put that title, and consequently the title of Griffith as her assignee, beyond question.

In that view we concur. The statute concerning foreclosure by advertisement (G. S. 1913, § 8108), requires as a condition precedent to that procedure a recording of the mortgage, and all assignments. It is the plain intent of that statute that it is a condition precedent to the right to foreclose by advertisement that the title of an assignee of a mortgage appear of record, and of record in such manner that evidence extraneous to the record will not be needed to put it beyond reasonable question. This is not a requirement of supertechnical niceties and details of description. It means only that, the ordinary rules of evidence and interpretation considered, if the record, without the aid of extraneous evidence, does not put the title of the assignee of a mortgage beyond doubt, he cannot

foreclose by advertisement. If he cannot remedy the defects in the record, he must resort to foreclosure by action.

We have here such a case. Obviously, defendant Griffith's title to the mortgage, if the record alone be considered, is left in doubt— a doubt which can be removed only by resort to substantial proof dehors the record.

The precise point does not seem to have been passed upon here. At least, our attention has been invited to no decision of this court precisely in point. But there is no doubt that the rule is as stated.

To begin with Morrison v. Mendenhall, 18 Minn. 212 (232), the fact was emphasized that foreclosure by advertisement is "altogether in pais" and that inasmuch as it was devised to avoid the delay and expense of judicial proceedings, "it was for obvious reasons important, not only to the parties to the mortgage itself, and to the assignee, but to subsequent encumbrancers, creditors and contemplating purchasers, that some permanent and accessible evidence of the existence and contents of the mortgage, and of the title to the same, should be provided." That purpose would not be accomplished if the record did not furnish all the evidence needed to show the title of an assignee seeking to foreclose by advertisement.

Again in Benson v. Markoe, 41 Minn. 112, 42 N. W. 787, the statute was construed as requiring that "the record shall be so complete as to satisfactorily show the right of the mortgagee or his assigns to invoke its aid." To the same effect are Backus v. Burke, 48 Minn. 260, 269, 51 N. W. 284, and Clark v. Mitchell, 81 Minn. 438, 84 N. W. 327. The same rule has been adopted concerning a similar statute in North Dakota. In Morris v. McKnight, 1 N. D. 266, 47 N. W. 375, it was held that to enable him to foreclose by advertisement "the record must satisfactorily show the legal title to the mortgage to be in the assignee." See also Brown v. Comonow, 17 N. D. 84, 114 N. W. 728, and Hebden v. Bina, 17 N. D. 235, 116 N. W. 85, 138 Am. St. 700.

The district court was right, therefore, in restraining the foreclosure by advertisement. To that extent the judgment is affirmed.

But it went much farther and held plaintiff's tender of the balance of the purchase price and interest to have been good for all purposes—effectual to discharge the mortgage lien, and, the amount of that tender having been deposited in court for the benefit of defendant, decreed the discharge of the mortgage as a lien upon the real estate in question. To that extent we hold that the learned trial judge went too far. The tender was encumbered by the conditions already referred to, several of them wholly untenable. A tender so conditioned, although otherwise unobjectionable, does not stop interest nor discharge the lien securing the debt. "A tender, to be good, must not be made upon any condition to which the creditor has a right to object." Davies v. Dow, 80 Minn. 223, 228, 83 N. W. 50; Moore v. Norman, 43 Minn. 428, 45 N. W. 487, 9 L. R. A. 55, 19 Am. St. 247; Hunt, Tender, § 239, et seq.

Notwithstanding the tender, and because of the impossible conditions attached to it, the lien of the mortgage in question continues and is now in force. Also, interest has continued to accrue according to the terms of the note and defendant Griffith is entitled to collect accordingly. He was wrong only in his attempt to foreclose by advertisement. Foreclosure by that method was properly restrained, for defendant can foreclose only by action.

The judgment is affirmed insofar as it enjoins foreclosure by advertisement. In all other respects it is reversed.