Barry Wayne BEECROFT,
et al., Appellants,

v.

DEUTSCHE BANK NATIONAL TRUST COMPANY, et al.,
Respondents,

Ameriquest Mortgage Company,
et al., Defendants.

No. A10–1144.

Court of Appeals of Minnesota.

April 26, 2011.

John E. Mack, Ralph Daby, Mack & Daby, P.A., New London, MN, for appellants.

David R. Mortensen, Caitlin R. Dowling, Wilford & Geske, P.A., Woodbury, MN, for respondents.

Considered and decided by WRIGHT, Presiding Judge; BJORKMAN, Judge; and COLLINS, Judge.*

## OPINION

WRIGHT, Judge.

In this appeal from summary judgment in favor of respondent-mortgagee, appellant-mortgagors assert that the existence of disputed material facts as to respondent's right to foreclose a mortgage on appellants' property precludes summary judgment. Appellants assert that the district court erroneously concluded that respondent satisfied the statutory requirements to foreclose by advertisement. Appellants also argue that there is a genuine issue of material fact as to whether respondent acquired title to the mortgage by a valid assignment. We affirm in part and remand.

## FACTS

In October 2009, appellants Barry Wayne Beecroft and Tracee Ann Beecroft commenced this action to quiet title. In doing so, they sought to invalidate mortgage-foreclosure proceedings initiated by respondent Deutsche Bank, and they requested a judicial determination as to ownership of their property.

In December 2005, the Beecrofts executed a $279,000 promissory note to Ameriquest Mortgage Company (Ameriquest) secured by an executed mortgage to Ameriquest that encumbered the Beecrofts' property in New London. The mortgage was recorded in Kandiyohi County in January 2006. In October 2008, the Beecrofts stopped paying the mortgage.

On March 4, 2009, Ameriquest, by its attorney in fact, Citi Residential Lending Inc. (Citi Residential), assigned its title to

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

the mortgage to Deutsche Bank. Citi Residential derived its attorney-in-fact powers from several limited powers of attorney that Ameriquest executed in 2007, which granted limited authority to Citi Residential to service Ameriquest's mortgages. One of these limited powers of attorney was executed on September 6, 2007, and recorded in Kandiyohi County on January 14, 2009. An identical limited power of attorney was executed on October 2, 2007, and recorded in Hennepin County on November 2, 2007; a certified copy of the October 2, 2007 limited power of attorney was subsequently recorded in Kandiyohi County on February 25, 2010. American Home Mortgage Servicing, Inc. (AHMSI) began servicing the Beecroft mortgage on behalf of Citi Residential in early 2009; and to facilitate this service, Citi Residential elected "each of the officers of AHMSI" as special officers of Citi Residential on January 30, 2009. The special officers were granted limited authority to exercise specifically identified powers of attorney held by Citi Residential. The October 2, 2007 limited power of attorney that Ameriquest granted to Citi Residential is among the powers of attorney that the special officers were expressly authorized to exercise.

Two of these special officers executed the March 4, 2009 assignment of the Beecroft mortgage from Ameriquest to Deutsche Bank on behalf of Citi Residential as attorney in fact for Ameriquest. The assignment was recorded in Kandiyohi County on March 10, 2009. Deutsche Bank commenced foreclosure by advertisement on March 26, 2009, pursuant to Minn. Stat. § 580.02 (2008); and on September 21, 2009, Deutsche Bank advertised a sheriff's sale.

In this action to quiet title, the Beecrofts argued that Deutsche Bank lacked legal authority to foreclose the mortgage be-

cause there is a break in the chain of title to the mortgage from Ameriquest to Deutsche Bank. On November 5, 2009, the Beecrofts sought a restraining order to enjoin the sheriff's sale, which the district court denied. The property was sold by sheriff's sale on November 10, 2009, thereby triggering a six-month redemption period that expired on May 10, 2010. Minn. Stat. § 580.23, subd. 1 (2010).

The Beecrofts moved for summary judgment on January 19, 2010, seeking vacation of the foreclosure. After a hearing on the motion, the district court denied summary judgment, finding that the evidence presented a genuine issue of material fact as to whether a complete chain of title to the mortgage exists from Ameriquest to Deutsche Bank. The Beecrofts moved for a restraining order to stay the expiration of the redemption period on March 29, 2010. At the hearing on the motion, the Beecrofts invited the district court to determine whether summary judgment in favor of Deutsche Bank is appropriate. Deutsche Bank consented to the district court's consideration of this issue, and the district court took the matter of summary judgment under advisement.

In its May 3, 2010 order, the district court denied the Beecrofts' restraining order to stay the expiration of the redemption period and granted summary judgment in favor of Deutsche Bank. In doing so, the district court concluded that there is an unbroken chain of title to the mortgage from Ameriquest to Deutsche Bank. The district court also dismissed the Beecrofts' claims with prejudice. This appeal followed.

## ISSUES

I. Does Minn.Stat. § 580.02 (2010) require a power of attorney authorizing a party to execute a mortgage assignment to

be recorded before an assignee of the mortgage can foreclose the mortgage?

II. Did the district court err by finding that there are no genuine issues of material fact as to whether respondent Deutsche Bank acquired title to the mortgage on appellants' property through a valid assignment?

## ANALYSIS

 We review the district court's decision to grant summary judgment to determine whether there are any genuine issues of material fact and whether the district court erred in its application of the law. *State by Cooper v. French*, 460 N.W.2d 2, 4 (Minn.1990). Summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that either party is entitled to judgment as a matter of law." Minn. R. Civ. P. 56.03. Mere averments set forth in the pleadings are insufficient to defeat a motion for summary judgment. Minn. R. Civ. P. 56.05. A genuine issue of material fact does not exist when the party opposing summary judgment presents evidence that creates merely a metaphysical doubt as to a factual issue or evidence that is not sufficiently probative as to permit a reasonable person to draw a different conclusion regarding an essential element of the case. *DLH, Inc. v. Russ*, 566 N.W.2d 60, 71 (Minn. 1997). Rather, to defeat summary judgment, there must be evidence sufficient to establish a genuine issue for trial as to the existence of an essential element. *Id.* Therefore, to oppose a motion for summary judgment successfully, a party is required to "extract *specific,* admissible facts" from the record that demonstrate that a genuine issue of material fact exists. *Kletschka v. Abbott–Northwestern Hosp.,*

*Inc.,* 417 N.W.2d 752, 754 (Minn.App.1988), *review denied* (Minn. Mar. 30, 1988).

## I.

 The Beecrofts assert that the foreclosure by advertisement is void because there is no recorded document that authorizes Citi Residential to assign the mortgage on behalf of Ameriquest or that otherwise conveys title to the mortgage from Ameriquest to Deutsche Bank.

 In Minnesota, foreclosure by advertisement is governed by statute. Minn.Stat. § 580.02. Whether the foreclosure-by-advertisement statute requires an entity such as Citi Residential to record its authority to assign the mortgage as a condition precedent to the assignee foreclosing a mortgage presents a question of statutory interpretation, which we review de novo. *Swenson v. Holsten*, 783 N.W.2d 580, 583 (Minn.App.2010). The goals in all statutory interpretation are to "ascertain and effectuate the intention of the legislature." Minn.Stat. § 645.16 (2010). In doing so, we first determine whether the statute's language, on its face, is ambiguous. *Am. Tower, L.P. v. City of Grant*, 636 N.W.2d 309, 312 (Minn.2001). A statute's language is ambiguous only when its language is subject to more than one reasonable interpretation. *Amaral v. St. Cloud Hosp.*, 598 N.W.2d 379, 384 (Minn. 1999). We construe words and phrases according to their plain and ordinary meaning. *Frank's Nursery Sales, Inc. v. City of Roseville*, 295 N.W.2d 604, 608 (Minn.1980); *see also* Minn.Stat. § 645.08(1) (2010) (providing that words are construed according to their common usage). When the legislature's intent is clearly discernible from a statute's plain and unambiguous language, we interpret the language according to its plain meaning, without resorting to other principles of

statutory construction. *State v. Anderson,* 683 N.W.2d 818, 821 (Minn.2004).

■ A foreclosure by advertisement is valid only if certain statutory requirements are met:

(1) that some default in a condition of such mortgage has occurred, by which the power to sell has become operative;

(2) that no action or proceeding has been instituted at law to recover the debt then remaining secured by such mortgage . . .;

(3) that the mortgage has been recorded and, if it has been assigned, that all assignments thereof have been recorded . . .; and

(4) before the notice of pendency as required under section 580.032 is recorded, the party has complied with section 580.021 [requiring the foreclosing party to provide information on foreclosure prevention counseling].

Minn.Stat. § 580.02.[1] Section 580.02 is strictly construed, and a foreclosing party must demonstrate "exact compliance" with the statute's requirements. *Jackson v. Mortg. Elec. Registration Sys., Inc.,* 770 N.W.2d 487, 494 (Minn.2009) (quotation omitted). Absent strict compliance with section 580.02, the foreclosure proceeding is void. *Id.*

■ The purpose of the statutory recording requirements is to ensure that a mortgagor has notice and an opportunity to redeem. *Id.* at 495. Before a mortgage assignee, such as Deutsche Bank, can foreclose by advertisement, its title to the mortgage must " 'appear of record . . . in such manner that evidence extraneous to the record will not be needed to put [the title of the assignee of the mortgage] be-

yond reasonable question.' " *Id.* at 497–98 (alteration in original) (quoting *Soufal v. Griffith,* 159 Minn. 252, 255, 198 N.W. 807, 808 (1924)); *see also Morrison v. Mendenhall,* 18 Minn. 232, 236, 18 Gil. 212, 219 (1872) ("The manifest purpose of this requirement of the [foreclosure-by-advertisement] statute was to make the contents of the mortgage, and . . . the title to the mortgage matter[s] of record.").

The plain language of section 580.02 requires only that the mortgage and any assignment of the mortgage be recorded to entitle a mortgage assignee to foreclose by advertisement. Indeed, Minnesota courts have recognized that the power to execute an assignment by an attorney in fact need not be recorded to satisfy the foreclosure-by-advertisement statute. *Morrison,* 18 Minn. at 245, 18 Gil. at 227 (holding that foreclosure-by-advertisement statute "requires no such record, and . . . [such record] is not a prerequisite to the right to foreclose"); *see also Backus v. Burke,* 48 Minn. 260, 269, 51 N.W. 284, 286 (1892) (discussing *Morrison* holding); *Timeline, LLC v. Williams Holdings No. 3, LLC,* 698 N.W.2d 181, 188 (Minn.App.2005) (recognizing *Morrison* holding), *review denied* (Minn. Aug. 24, 2005); *cf. Jackson,* 770 N.W.2d at 501 (recognizing "long-standing principles of real property law" establishing that only assignments affecting legal title of a security instrument must be recorded to commence foreclosure by advertisement). In *Morrison,* under circumstances similar to those here, the Minnesota Supreme Court held that the foreclosure-by-advertisement statute requires the recording of mortgages and assignments and nothing more need be recorded. 18 Minn. at 236, 18 Gil. at 219.

---

1. Under Minn.Stat. § 580.05 (2008), the authority of an attorney-at-law employed to conduct a foreclosure by advertisement must be recorded before the attorney holds a foreclo-

sure sale. *Molde v. CitiMortgage, Inc.,* 781 N.W.2d 36, 39–40 (Minn.App.2010). The Beecrofts do not challenge the foreclosure by advertisement on this ground.

The statute interpreted in *Morrison* is similar in all relevant aspects to the statute at issue here. *Compare id.* (interpreting Stats. of Minn. 1849–58, ch. 75, § 2, at 643) *and* Stats. of Minn. 1849–58, ch. 75, § 2, at 643 (authorizing foreclosure when "the mortgage containing such power of sale has been duly recorded, and if it shall have been assigned, that all the assignments thereof shall have been recorded"), *with* Minn.Stat. § 580.02 (requiring that "the mortgage has been recorded and, if it has been assigned, that all assignments thereof have been recorded"); *see also Jackson*, 770 N.W.2d at 494 (recognizing that foreclosure-by-advertisement statute has changed little since its 1849 enactment).

Here, the only instruments that must be recorded pursuant to section 580.02 to entitle Deutsche Bank to commence foreclosure by advertisement are the mortgage and the assignment from Ameriquest to Deutsche Bank. *See* Minn.Stat. § 580.02(3). Applying the plain language of section 580.02, we conclude that there is no requirement to record the instruments authorizing Citi Residential to act as Ameriquest's attorney in fact for mortgage assignments and memorializing the election of the special officers to execute the mortgage assignment for Citi Residential on behalf of Ameriquest. Only the Beecroft mortgage and Ameriquest's assignment of the Beecroft mortgage to Deutsche Bank by Ameriquest's attorney in fact are required to be recorded. *See id.* The Beecroft mortgage was recorded in January 2006, and Ameriquest's assignment of the Beecroft mortgage to Deutsche Bank was recorded on March 10, 2009. The satisfaction of these recording requirements before Deutsche Bank commenced foreclosure on March 26, 2009 fulfilled the statutory mandate.[2] Because the recording requirements of Minn.Stat. § 580.02 were satisfied, the district court correctly concluded that the absence of recorded instruments authorizing Citi Residential to act as Ameriquest's attorney in fact did not render the foreclosure invalid.

## II.

The Beecrofts also argue that the mortgage assignment to Deutsche Bank by Ameriquest is invalid because the entity and individuals that executed the assignment as Ameriquest's attorney in fact lacked authority to do so.

## A.

■ We turn first to the Beecrofts' challenge to the authority of the special officers who executed the assignment to act for Citi Residential. Linda Green and Tywanna Thomas were employees of DOCX LLC, a company that provided document services for AHMSI. On July 1, 2008, AHMSI elected Green and Thomas as special officers with limited authority to execute documents required to process releases of security interests granted in connection with loans serviced by AHMSI. Green and Thomas also became special officers of Citi Residential pursuant to the January 30, 2009 Citi Residential election. Green and Thomas thus assumed the authority that the October 2, 2007 limited power of attorney granted to Citi Residential. Our careful review of the record, including the documentation of the election and the limited powers of attorney, establishes that there is no genuine issue of material fact as to whether Green and

---

**2.** Although not material to our decision, we observe that the Beecrofts' challenge also lacks factual support because the September 6, 2007 limited power of attorney was recorded on January 14, 2009, approximately two months before the assignment to Deutsche Bank and before Deutsche Bank commenced the foreclosure.

Thomas had authority to act on behalf of Citi Residential with respect to the powers granted in the limited power of attorney.

■■■ The Beecrofts also challenge the assignment on the ground that the signatures of Green and Thomas are not authentic. The district court found that the Beecrofts failed to identify specific facts or evidence establishing a genuine issue of material fact as to the authenticity of the signatures of Green and Thomas on the mortgage assignment. We agree. The Beecrofts identify no discrepancies in signatures on documents relating to their mortgage. Deutsche Bank submitted separate affidavits from Green and Thomas attesting that the signatures on the pertinent documents are theirs. Although the Beecrofts presented several documents that they contend demonstrate great variance in the purported signatures of Green and Thomas, all of those documents are unrelated to the transactions at issue in this case. Absent evidence rebutting the affidavits of Green and Thomas and creating a genuine issue of material fact, these affidavits provide a sound basis for the district court to conclude that the validity of Green's and Thomas's signatures on the Beecroft mortgage assignment is not a genuine issue of material fact precluding summary judgment. *See Phillips–Klein Cos. v. Tiffany P'ship,* 474 N.W.2d 370, 373 (Minn.App.1991) (holding that when record lacked evidence rebutting movant's affidavits, nonmovant failed to meet its burden of demonstrating an issue of material fact).

### B.

The Beecrofts next challenge Citi Residential's authority as Ameriquest's attorney in fact to assign the Beecroft mortgage to Deutsche Bank, arguing that a genuine issue of material fact exists as to the extent of the power granted to Citi Residential by the limited powers of attorney. The limited powers of attorney appoint Citi Residential as Ameriquest's attorney in fact

with full power and authority to sign, execute, acknowledge, deliver, file for record, and record any instrument on its behalf and to perform such other ... acts as may be ... necessary and appropriate to effectuate the following enumerated transactions in respect of any of the mortgages or deeds of trust ... and promissory notes secured thereby.

Among the enumerated transactions are the following, which the district court quoted and paraphrased in its decision:

7. The full assignment of a Mortgage or Deed of Trust upon payment and discharge of all sums secured thereby in conjunction with the refinancing thereof, including, without limitation, the assignment of the related Mortgage Note.

8. With respect to a Mortgage or Deed of Trust, the foreclosure, the taking of a deed in lieu of foreclosure, or the completion of judicial or non-judicial foreclosure or termination, cancellation or rescission of any such foreclosure, including, without limitation, any and all of the following acts:

a. the substitution of Trustee or Beneficiary(s) serving under a Deed of Trust, in accordance with state law and the Deed of Trust;

b. the preparation and issuance of statements of breach or non-performance;

c. the preparation and filing of notices of default and/or notices of sale;

d. the cancellation/rescission of notices of default and/or notices of sale;

e. the taking of deed in lieu of foreclosure; and

f. the preparation and execution of such other documents and performance

of such other actions as may be necessary under the terms of the Mortgage, Deed of Trust or state law to expeditiously complete said transactions in paragraphs 8.a. through 8.e. above.

The district court held that "[t]he plain meaning of the Citi Power of Attorney and Mortgage Assignment described above shows that an unbroken chain of title exists from Ameriquest to Deutsche Bank" and "the undisputed material evidence before the court regarding this particular mortgage and assignments shows that the assignments were properly executed by parties with the power to execute them." The district court reached this conclusion without explaining its analysis of these provisions or identifying the "undisputed material evidence" on which it relies.

We cannot discern from the record and the district court's order the district court's basis for concluding that Citi Residential acted within the scope of the authority granted by the limited power of attorney when the Beecroft mortgage was assigned. Accordingly, we are unable to determine whether a genuine issue of material fact exists regarding Citi Residential's authority as Ameriquest's attorney in fact to assign the Beecroft mortgage to Deutsche Bank. We, therefore, remand to the district court to explain the basis for its decision.[3]

### DECISION

There is no genuine issue of material fact as to whether Deutsche Bank satisfied the recording requirements of the foreclosure-by-advertisement statute before commencing foreclosure on the Beecroft mortgage. Minnesota law does not require a power of attorney authorizing an entity to assign a mortgage on behalf of the original mortgagee to be recorded. Minn.Stat. § 580.02. Because we cannot determine from the record and the district court's order whether genuine issues of material fact exist as to whether Ameriquest's power of attorney granted Citi Residential the authority to assign the Beecroft mortgage to Deutsche Bank under the circumstances presented, we remand to the district court to explain the basis for its determination that the undisputed facts establish that the conditions of the limited power of attorney authorizing Citi Residential to assign the mortgage on behalf of Ameriquest to Deutsche Bank were met.

**Affirmed in part and remanded.**

---

**3.** Notwithstanding our decision to remand, we observe that the Beecrofts cite no legal authority, nor has our legal research identified any legal authority, in support of their assertion that the powers of attorney at issue here must identify by name each mortgage for which it grants Citi Residential attorney-in-fact powers.