**FARMERS INSURANCE EXCHANGE,**
Plaintiff,

v.

**Jessica Anne LETELLIER,**
**et al., Defendants.**

**Jessica Anne Letellier, et al., third**
**party plaintiffs, Appellants,**

v.

**Illinois Farmers Insurance Company,**
**third party defendant,**
**Respondent.**

No. A12–155.

Court of Appeals of Minnesota.

Sept. 4, 2012.

Victor E. Lund, Richard P. Mahoney, Mahoney, Dougherty & Mahoney, Minneapolis, MN, for appellants.

Burke J. Ellingson, Brendel & Zinn, Lake Elmo, MN, for respondent.

Considered and decided by HUDSON, Presiding Judge; PETERSON, Judge; and STONEBURNER, Judge.

## OPINION

PETERSON, Judge.

Appellants challenge the district court's summary-judgment determination that their automobile-insurance policies did not cover—and, thus, that respondent-insurer did not have a duty to defend appellants against—a social-host-liability claim arising out of an incident in which a minor drank alcohol at appellants' home, was taken home by a sober driver, and then drove another car and caused a fatal crash. Appellants argue that coverage is required under the plain language of their policies and under a provision of the no-fault act governing residual coverage, Minn.Stat. § 65B.49, subd. 3(2) (2010). We affirm.

## FACTS

After appellants Robert and Jennifer Anne Letellier had gone to bed one night, their 15–year–old daughter, J.L., had some friends over to their house. J.L.'s teenage friend, D.M.A., consumed alcohol while at appellants' residence. A sober driver gave D.M.A. a ride home from appellants' residence, but after D.M.A. arrived home, he drove his sister's car and caused a crash in which G.V. was injured and S.R.H. was killed.

G.V. and S.R.H.'s next-of-kin brought separate personal-injury and wrongful-death actions against several people, including appellants, alleging that appellants were liable "for providing and allowing alcoholic beverages to be served to a minor to his intoxication which was a direct cause of the accident."

Appellants tendered defense of the actions to their homeowner's-insurance carrier, Farmers Insurance Exchange, and to

their automobile-insurance carrier, respondent Illinois Farmers Insurance Company. Farmers Insurance Exchange agreed to defend appellants, subject to a reservation of rights,[1] and commenced a declaratory-judgment action asking the court to find that it had no duty to defend or indemnify appellants under the homeowner's policy.[2] Respondent denied coverage under the automobile policies issued to appellants and refused to provide or contribute to the defense of the actions.

Appellants brought this declaratory-judgment action against respondent, seeking a defense under their automobile policies. Neither D.M.A. nor the vehicle he was driving was insured under appellants' automobile policies. The district court granted summary judgment for respondent. This appeal followed.

## ISSUE

Did the district court err in concluding that appellants' automobile-insurance policies did not provide coverage for, and that respondent did not have a duty to defend appellants against, liability claims in the underlying personal-injury and wrongful-death actions?

## ANALYSIS

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that either party is entitled to a judgment as a matter of law." Minn. R. Civ. P. 56.03. On appeal from summary judgment, this court reviews de novo whether any genuine issues of material fact exist and whether the district court erred in applying the law. *Kratzer v. Welsh Cos.*, 771 N.W.2d 14, 18 (Minn.2009). The evidence is viewed "in the light most favorable to the party against whom judgment was granted." *Fabio v. Bellomo*, 504 N.W.2d 758, 761 (Minn.1993).

"The interpretation of an insurance policy, including the question of whether a legal duty to defend or indemnify arises, is one of law which [an appellate] court reviews de novo." *Auto–Owners Ins. Co. v. Todd*, 547 N.W.2d 696, 698 (Minn.1996). "[T]he insured bears the initial burden of demonstrating coverage." *Travelers Indem. Co. v. Bloomington Steel & Supply Co.*, 718 N.W.2d 888, 894 (Minn. 2006).

We interpret insurance policies using the general principles of contract law. *Thommes v. Milwaukee Ins. Co.*, 641 N.W.2d 877, 879 (Minn.2002). "In interpreting insurance contracts, [this court] must ascertain and give effect to the intentions of the parties as reflected in the terms of the insuring contract." *Jenoff, Inc. v. N.H. Ins. Co.*, 558 N.W.2d 260, 262 (Minn.1997). An insurance policy "must be construed as a whole, and unambiguous language must be given its plain and ordinary meaning." *Henning Nelson Constr. Co. v. Fireman's Fund Am. Life Ins. Co.*, 383 N.W.2d 645, 652 (Minn.1986).

The liability-coverage provision in appellants' automobile-insurance policies states that respondent "will pay **damages** for which any **insured person** is legally liable because of **bodily injury** to any per-

1. The district court granted summary judgment for appellants in the underlying actions.

2. The district court granted summary judgment for Farmers Insurance Exchange in its declaratory-judgment action, finding that it owed no duty of defense or indemnity under appellants' homeowner's policy. Appellants concede in the argument section of their brief that Farmers Insurance Exchange defended them in the underlying actions and that they did not incur attorney fees.

son and/or **property damage** arising out of the ownership, maintenance or use of a **private passenger car, a utility car,** or a **utility trailer.**"

There is no dispute that each of the appellants is an insured person under the policies or that G.V. and S.R.H. suffered bodily injury arising out of the use of a private passenger car. Therefore, appellants argue, because they were potentially liable to pay damages for bodily injury to others arising out of the operation of a motor vehicle, they have coverage for that potential liability under the policies. But this argument fails to recognize that, although G.V.'s and S.R.H.'s injuries arose out of the use of a motor vehicle, appellants' potential legal liability for damages arose under the social-host-liability statute, Minn.Stat. § 340A.90 (2010).

■ That statute provides:

A spouse, child, ... or other person injured in person, property, or means of support, or who incurs other pecuniary loss, by an intoxicated person under 21 years of age or by the intoxication of another person under 21years of age, has for all damages sustained a right of action in the person's own name against a person who is 21 years or older who:

(1) had control over the premises and, being in a reasonable position to prevent the consumption of alcoholic beverages by that person, knowingly or recklessly permitted that consumption and the consumption caused the intoxication of that person; or

(2) sold, bartered, furnished or gave to, or purchased for a person under the age of 21 years alcoholic beverages that caused the intoxication of that person.[3]

*Id.* at subd. 1(a). We review questions of statutory interpretation de novo. *Beecroft*

v. *Deutsche Bank Nat'l Trust Co.,* 798 N.W.2d 78, 82 (Minn.App.2011).

Under clause (1) of the social-host-liability statute, appellants could be liable for the underlying plaintiffs' damages if they knowingly or recklessly permitted the consumption of alcohol that caused D.M.A.'s intoxication. In other words, appellants were potentially legally liable because of bodily injury arising out of permitting D.M.A. to consume alcohol that caused his intoxication; they were not potentially legally liable because of bodily injury arising out of the ownership, maintenance, or use of an automobile. Appellants did not own, maintain, or use any automobile involved in the crash, and the potential basis for their liability did not involve an automobile. Thus, the plain language of appellants' automobile policies did not provide coverage for the damages suffered by the plaintiffs in the underlying actions, and respondent had no duty to defend appellants. *See Wooddale Builders, Inc. v. Md. Cas. Co.,* 722 N.W.2d 283, 302 (Minn.2006) (stating that duty to defend extends to every claim that arguably falls within scope of policy's indemnity coverage).

Appellants argue that the Minnesota No–Fault Automobile Insurance Act requires that appellants' automobile-insurance policies provide coverage for their potential liability in the underlying actions. Minn.Stat. §§ 65B.41 to .71 (2010). The no-fault act provides:

Every owner of a motor vehicle ... shall maintain ... a plan of reparation security ... insuring against loss resulting from *liability imposed by law for injury and property damage sustained by any person arising out of the ownership, maintenance, operation or use of the vehicle.* The plan of reparation se-

---

**3.** There was no showing that appellants provided any of the alcohol that D.M.A. con-

sumed. Therefore, there could be no liability under clause (2) of the statute.

curity shall provide for ... residual liability coverage in amounts not less than those specified in section 65B.49, subdivision 3, clauses (1) and (2).

Minn.Stat. § 65B.48, subd. 1 (emphasis added).

The no-fault act also provides:

Under residual liability insurance the reparation obligor shall be liable to pay, on behalf of the insured, sums which the insured is *legally obligated to pay as damages because of bodily injury and property damage arising out of the ownership, maintenance or use of any motor vehicle,* including a motor vehicle permissively operated by an insured as that term is defined in section 65B.43, subdivision 5, if the injury or damage occurs within this state.

Minn.Stat. § 65B.49, subd. 3(2) (emphasis added).

Section 65B.48, subd. 1, of the no-fault act requires the owner of a motor vehicle to maintain insurance against liability for damages arising out of the ownership, maintenance, operation, or use of the owner's vehicle. Appellants' vehicles were not involved in the crash that D.M.A. caused, and no damages arose out of the ownership, maintenance, operation, or use of appellants' vehicles. Also, as we have already discussed in our explanation of the meaning of appellants' automobile-insurance policies, the social-host-liability statute does not impose liability for injuries arising out of the ownership, maintenance, operation, or use of a motor vehicle; it imposes liability for damages arising out of the intoxication of a person under 21 years of age. Because appellants' only potential liability was for damages that arose out of D.M.A.'s intoxication, the no-fault act does not require coverage.

Appellants' argument that they are entitled to attorney fees is based on the premise that respondent breached its duty to defend. *See Morrison v. Swenson,* 274 Minn. 127, 137–38, 142 N.W.2d 640, 647 (1966) (permitting insured to recover legal fees in declaratory-judgment action in which court held insurer liable to provide coverage, because attorney fees were incurred as a result of breach of contract). Because respondent was not required to defend appellants in the underlying action, appellants are not entitled to recover attorney fees.

## DECISION

Because appellants were potentially liable because G.V.'s injuries and S.R.H.'s death arose out of D.M.A.'s intoxication, rather than because the injuries and death arose out of the ownership, maintenance, or use of an automobile, the district court properly concluded that appellants' automobile-insurance policies did not provide coverage for the damages suffered by the plaintiffs in the underlying actions, granted summary judgment for respondent, and denied appellants attorney fees.

**Affirmed.**